(109 So. 287)

**CRISP v. STATE.    (6 Div. 605.)**

(Supreme Court of Alabama.    April 1, 1926.)

1. **Criminal law ⬅=822(17)—Instruction that automobile driver would be guilty of second degree manslaughter, if running at unlawful speed, held correct, in view of entire oral charge.**

In prosecution for manslaughter in second degree in striking deceased with automobile, instruction that accused was guilty if running at greater speed than permitted by law, was correct, and though incomplete because failing to emphasize fact that it must have been proximate cause of death, was not reversible error, where from entire oral charge there could have been no misunderstanding on that point.

2. **Criminal law ⬅=823(1).**

Erroneous statement of law in oral charge is not cured by written charge correcting error.

Miller, Gardner, and Thomas, JJ., dissenting.

Certiorari to Court of Appeals.

Petition of the State of Alabama, by its Attorney General, for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Crisp v. State, 211 Ala. App. 449, 109 So. 282. Writ granted; reversed and remanded.

Harwell G. Davis, Atty. Gen., Thos. E. Knight, Jr., Asst. Atty. Gen., and Jim Davis, Sol., and Willard Drake, Asst. Sol., both of Birmingham, for the State.

The excepted-to portion of the oral charge was not erroneous. 13 R. C. L. 89; Johnson v. State, 94 Ala. 41, 10 So. 667; State v. Massey, 20 Ala. App. 56, 100 So. 625; Salter v. State, 99 Ala. 207, 13 So. 535; Cowart v. State, 201 Ala. 526, 78 So. 879. An excerpt from the oral charge is not to be made to stand alone, but is to be considered with the entire charge. Holladay v. State, 20 Ala. App. 76, 101 So. 86; Williams v. State, 83 Ala. 68, 3 So. 743; Johnson v. State, 81 Ala. 54, 1 So. 573.

H. C. Wilkinson, of Birmingham, for defendant.

Brief of counsel did not reach the Reporter.

PER CURIAM.    [1] A majority of the court are of the opinion that the portion of the oral charge excepted to by the defendant, and upon which this cause was reversed by the Court of Appeals, was not reversible error. True, the portion excepted to omitted to state that the conduct of defendant must have been the proximate cause of the death of the deceased—a point as to which there seems to have been no serious controversy—but, looking to the entire oral charge and the defendant's given charges, which are a part of the record, we think there could have been no possible misunderstanding on the part of

⬅=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the jury that the defendant's conduct must have been the proximate cause of the death of the deceased in order to convict him.

[2] We are of course aware of the fact that an erroneous statement of the law in the oral charge is not cured by a written one which corrects the error of the oral charge, but here the law as stated in the oral charge was correct, and it was at most incomplete in omitting or failing to emphasize the fact that the facts and law as hypothesized must have caused the death of the deceased and the written charges instructing the jury that this was essential to a conviction, was in no sense contradictory or inconsistent with any part of the oral charge.

The writ of certiorari is awarded, the judgment of the Court of Appeals is reversed, and the cause is remanded to said court for a further consideration of same in conformity with this opinion.

Writ awarded; reversed and remanded.

ANDERSON, C J., and SAYRE, SOMERVILLE and BOULDIN, JJ., concur.

MILLER, J., (dissenting). The defendant was indicted and convicted of manslaughter in the second degree. Without approving all that was written by the Court of Appeals in either of the two concurring opinions in this case, we concur with that court in holding the trial court erred in its oral charge when it stated to the jury: ·

"Was he running at a greater rate of speed than the law permitted him to run? If he was, he would be guilty as charged in the indictment."

It invades the province of the jury. This charge ignored all questions as to the cause of the killing. The jury must believe beyond a reasonable doubt from the evidence that the unlawful act of the defendant was the cause of the death of Elmer Paul Jacobs before they could convict the defendant. The unlawful act done by him appears to have been the running of a car at a greater rate of speed than is permitted by an ordinance in the city of Birmingham. A violation of such an ordinance is negligence per se. A violation of it is made a criminal offense; but, before a person would be guilty of manslaughter in the second degree for its violation, it must appear from the evidence beyond a reasonable doubt that the violation of the ordinance by the defendant occasioned, caused the injury from which Jacobs died. The violation of the ordinance by the defendant may have had no causal connection with Jacobs' death. The act causing the death of decedent must be unlawful and the result unintentional to constitute the offense of manslaughter in the second degree. This court, in Mitchell v. State, 60 Ala. 33, clearly and correctly defined manslaughter in the second degree as follows:

"Manslaughter in the second degree is when the homicide results from the commission of a misdemeanor, or civil tort, but which result was not intended or contemplated."

The homicide must result from or be caused by the unlawful act done by the defendant; but the result of this unlawful act must be unintentional, not contemplated by him, in order to constitute manslaughter in the second degree.

In addition to the authorities cited by the Court of Appeals on this subject, see, also, City Ice, etc., Co. v. Lecari, 210 Ala. 629, 98 So. 901; Johnson v. State, 94 Ala. 35, 10 So. 667; Harrington v. State, 83 Ala. 16, 3 So. 425.

This error is emphasized rather than corrected by the entire oral charge when it is considered as a whole, as it should be. Ex parte Cowart, 201 Ala. 525, headnote 4, 78 So. 879. The court in another place in its oral charge to the jury stated:

"Was this defendant violating the speed law at the time of this accident, or, if he did not exceed the speed limit, was he grossly negligent in running at a speed so high that he could not control his automobile or his motor truck, and by doing so he ran into or ran over this deceased and killed him? If so, he would be guilty."

This charge is in the alternative. By this the court charged the jury:

"Was this defendant violating the speed law at the time of this accident? * * * If so, he would be guilty."

In this the court made the same error. Then the court again committed and emphasized the same error in its oral charge, when it stated this in the alternative to the jury:

"But, on the other hand, if he was grossly negligent in driving too fast, considering all the circumstances at the time of the killing, or if it was violating the law at the time he did it, why then he would be guilty, and it would be your duty to convict him."

The statute does not permit an erroneous statement of the law like this, in this general oral charge of the court to the jury, to be cured by written charges requested by a party and given by the court. The oral charge would be in conflict with the given written charge; and the jury would be in doubt as to which should guide them in reaching a verdict. The statute states:

"The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal, if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge or in charges given at the request of parties." Section 9509, Code of 1923.

The application for the writ of certiorari should be denied.

GARDNER and THOMAS, JJ., concur.