STATE v. M. F. KLINE.[1]

July 16, 1926.

No. 25,410.

**Conviction for second degree manslaughter sustained by evidence that accused drove his automobile while drunk.**

1. The evidence supports a conviction of manslaughter in the second degree, in that defendant while drunk drove his automobile in a culpably negligent manner against a pedestrian causing death.

**State need not show victim was not negligent or did not die as result of unavoidable accident.**

2. It was not incumbent on the state to show that the one killed was not negligent or that death was not the result of an unavoidable accident.

**Presumption that intoxicated person is negligent when he drives an automobile.**

3. The court correctly charged the jury that since the statute makes it an offense for an intoxicated person to drive an automobile the presumption arises that one so doing is negligent. In that connection the court also stated that culpable negligence must be shown beyond a reasonable doubt in the act which caused the homicide.

**Proper to call attention of jury to statutes regulating driver of motor vehicles on highway.**

4. It was proper to state to the jury the statutory provision regulating the driving of motor vehicles upon the highway.

**Court not to allow counsel to state law inaccurately to jury.**

5. The trial court should not permit counsel in their argument to the jury to state the law inaccurately.

**Evidence to show defendant's intoxication proper.**

6. Where one of the issues was intoxication of defendant, when the injury resulting in the homicide was inflicted, evidence of defendant's acts sufficiently close to bear upon that issue was proper.

[1]Reported in 209 N. W. 881.

Criminal Law, 16 C. J. p. 913 n. 4, 5; p. 953 n. 35; p. 962 n. 6; p. 1063 n. 85.

Homicide, 29 C. J. p. 1155 n. 4; p. 1156 n. 18 New; 30 C. J. p. 146 n. 41 New; p. 204 n. 85; p. 317 n. 73.

Motor Vehicles, 28 Cyc. p. 49 n. 56 New.

---

See notes in 16 A. L. R. 914; 21 A. L. R. 1504; 27 A. L. R. 1182; 30 A. L. R. 66; 2 R. C. L. p. 1212; 1 R. C. L. Supp. p. 748; 4 R. C. L. Supp. p. 164; 5 R. C. L. Supp. p. 151.

See note in L. R. A. 1917A, 313.

Defendant appealed from an order of the district court for Hennepin county, Nordbye, J., denying his motion for a new trial after conviction of manslaughter in the second degree, Molyneaux, J. Affirmed.

*William M. Nash* and *Chester L. Nichols,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Floyd B. Olson,* County Attorney, for respondent.

HOLT, J.

Defendant was convicted of manslaughter in the second degree, and appeals from the order denying a new trial. The indictment charged in substance that defendant being intoxicated drove his automobile at a higher speed than reasonable and in a culpably careless manner against Joseph Stodola, causing his death. The facts developed at the trial were in short these: In the afternoon of July 15, 1924, defendant, with two friends, went in his automobile from Minneapolis to Waconia to fish. On his way out he purchased a bottle of whiskey. It was consumed and another bottle was procured when in the evening they left Waconia. Frequent stops were made on the road at which defendant partook of the liquor. Shortly before 11 o'clock he turned off the Excelsior boulevard, on which he had been driving, near the cemetery, about a mile west of Hopkins. Defendant's handling of the car was by that time so reckless and inefficient that his companions did not dare to ride with him, but got out after vain attempts to let one of them drive. After

his friends left, he turned around and started back towards Excelsior, passed the Glenn Lake store, and in a short time came back to the store where he asked a person to help him straighten his right front light, which was bent back at an angle of 45 degrees. They were unable to do so. He drove on to Hopkins, where he was apprehended by an officer, who had received information that Stodola had been picked up unconscious and wounded about six blocks west of the Glenn Lake store. Defendant's car had blood not yet dry and gray hairs upon the right front light (bent as stated); and between the hood and the right fender were parts of two teeth. Stodola was 69 years old and besides other wounds had received a broken jaw with teeth knocked out. At the trial defendant denied having seen Stodola on the road and asserted that the light was bent when he struck a tree in turning around in the road shortly before coming back to the store, but on the oral argument here his counsel frankly admitted that the evidence is conclusive that defendant's car struck down Stodola. It was also conclusively proven that defendant was then intoxicated to such a degree as to be incapable of driving an automobile at any rate of speed without endangering life, or limb or property.

The first contention is that the evidence does not support the conviction. It is said the state produced no eye witness of the tragedy; no one who saw how defendant was driving at the moment of the impact; negligence is never presumed; this may have been an unavoidable accident; or may have been due to the negligence of Stodola; and it was for the state to negative accidental injury and negligence of the victim. These contentions are fallacious. The state had no greater burden than to prove beyond a reasonable doubt that defendant was culpably negligent in driving his automobile against Stodola so as to cause his death. When that is done any other cause of the homicide is negatived. Negligence of the victim would not be a defense, State v. Peterson, 153 Minn. 310, 190 N. W. 345. We do not mean to hold that, if the defense to the homicide was unavoidable accident, negligence of the victim might not be shown. But no such issue or defense was raised by the evidence.

There can be no doubt of the sufficiency of the proof. Defendant was drunk. The law makes it a crime for a person in that condition to drive a car. The law also makes it the duty of the driver of a car at night to have it lit so that objects in front upon the highway may be seen, and defines how pedestrians should be warned and safeguarded. Defendant either was so drunk that he could not see, or if he saw had not the ability to give warning or to avoid striking Stodola. There is evidence from which the jury could find that Stodola was walking west, north of the center line of the road, as defendant was coming east driving south of the center line, and that within a few feet of Stodola defendant swerved abruptly to the north of the center line striking him down with the right front light and fender of the automobile, and dragging him some 20 feet easterly.

Next it is asserted that it was error to charge that to drive an automobile when intoxicated is a statutory offense, and that a violation of that law raises a presumption of negligence. Of course, as stated in State v. Goldstone, 144 Minn. 405, 175 N. W. 892, violation of a statutory provision regarding the operation of motor vehicles, such as found in G. S. 1923, §§ 2705-2714, does not prove the existence of culpable negligence within the meaning of G. S. 1923, § 10078, defining the crime for which defendant was tried. But a violation of a statute intended for the protection of another, which proximately causes or results in injury to such other, must be held criminal negligence. And surely no one can read this record without coming to the conclusion that defendant's intoxication was the cause of the reckless manner in which the automobile was driven over Stodola.

This language from People v. Townsend, 214 Mich. 267, 183 N. W. 177, 16 A. L. R. 902, is apt: "It is gross and culpable negligence for a drunken man to guide and operate an automobile upon a public highway, and one doing so and occasioning injuries to another, causing death, is guilty of manslaughter. It was unlawful for defendant to operate his automobile upon the public highway while he was intoxicated; made unlawful by statute, and wrong in and

of itself, and it was criminal carelessness to do so and he is guilty of manslaughter, provided the death * * * was a proximate result of his unlawful act."

Common sense, in the absence of any statute on the subject, suggests that for an intoxicated person to undertake to drive an automobile on a much traveled highway is gross or culpable negligence. And, if such negligence is shown to result in so driving as to strike down and kill a person traveling in the proper place upon the highway, there should be no difficulty in finding that the driver's culpable negligence caused the homicide.

We think the evidence presented a state of facts which made it proper to call the jury's attention to other statutory provisions regulating the driving of automobiles upon highways, such as speed, meeting, passing and warning other users thereof. State v. Peterson, supra.

Error is assigned upon the charge that the word negligence was sometimes used without making clear to the jury that culpable negligence was meant. The court correctly defined culpable negligence, distinguished it from ordinary negligence, and specifically impressed upon the jury that the state must prove beyond a reasonable doubt that defendant was culpably negligent in striking Stodola.

The statute (G. S. 1923, §§ 2714), provides: "Whoever operates a motor vehicle while in an intoxicated condition shall be guilty of a misdemeanor." It was intended to make it unlawful for a drunken person to drive a car. Plainly this was to safeguard life, limb and property. And the court was clearly right in stating to the jury that the presumption is that where a person drives an automobile in violation of law he is negligent. But the court was careful to leave to the jury whether his intoxication so exhibited itself in his driving against Stodola that the jury could say that such driving was culpably negligent. We find no substantial error in the charge. The requested instructions, so far as applicable and correct, were either given or sufficiently covered. There was no evidence which warranted the jury in considering in any manner any negligence of Stodola as a cause of his death, and the court was right in so instructing.

In addressing the jury defendant's counsel asserted that the burden was upon the state to show beyond a reasonable doubt that striking Stodola was not an unavoidable accident and was not due to his own negligence. The court interrupted counsel with the statement that such was not the law and an argument on the basis of the asserted law should not be made. Error is assigned upon the action of the court. As already indicated, counsel was wrong in his view of the law, and the court properly stopped a line of argument based on a fallacious legal proposition. It is the duty of the court not only to hold counsel in his argument to the evidence in the record and the reasonable inferences therefrom, but also to an accurate statement of the law upon which he wishes the jury to act.

Over objections evidence was received as to the manner in which defendant drove the car after the accident and some distance from the place thereof. The evidence was relevant and material. It was near enough in time to be valuable upon the extent to which defendant's intoxication at the time of the collision caused culpable negligent driving. Where violation of the speed limit is charged as the culpable negligence causing homicide, a quite different situation is presented from the one where violation of the statute against driving a motor vehicle while drunk is the charge. The former was the case in People v. Barnes, 182 Mich. 179, 148 N. W. 400, and Ronning v. State, 184 Wis. 651, 200 N. W. 394, cited by appellant. The speed of an automobile may be changed in a few seconds from 5 to 50 miles per hour, but if a driver is so drunk that it is manifested in the operation of his car that condition does not, as a rule, disappear in half an hour or in a few miles of driving.

We find no error in the record.

Order affirmed.