## STATE v. WILL DILLS.

(Filed 25 January, 1933.) ·

**1. Homicide C a—Evidence of culpable negligence in driving on highway held sufficient.**

Evidence that the defendant, while intoxicated, drove an automobile on a public highway from one side of the road to the other in a reckless manner, resulting in the car overturning and the death of a person riding in the car, *is held* sufficient to be submitted to the jury in a prosecution for manslaughter.

**2. Criminal Law I e—**

In a criminal prosecution, as well as in a civil action, the court may withdraw incompetent evidence and instruct the jury not to consider it.

**3. Criminal Law G i—Testimony that defendant was "drunk" held competent.**

Testimony relating to the fact that the defendant was drunk, which testimony is based upon observation of the defendant a short time before the accident in question, *is held* competent in a prosecution for manslaughter based upon the defendant's culpable negligence in driving upon the highway.

2—204

**4. Criminal Law G e—Testimony in this case held competent as being of statement made contemporaneously with and in explanation of condition.**

Testimony of a remark of a bystander, addressed to the defendant and his companions and undenied by them, that they were too drunk to drive their automobile, and made a short time before the accident resulting in deceased's death, *is held* competent in a prosecution for homicide resulting from the defendant's culpable negligence in driving his automobile, the remark being unpremeditated and being contemporaneous with and explanatory of the defendant's condition.

**5. Criminal Law G b—Witness held to have sufficiently identified place of accident involved in the prosecution.**

In this case it appeared from other evidence introduced, that the witness sufficiently identified the place of the accident in question, and the defendant's exception to his testimony on the ground that he had not done so is not sustained.

**6. Homicide C a—Charge relating to proximate cause held not to contain reversible error in this prosecution for manslaughter.**

In this prosecution for manslaughter, based on the defendant's culpable negligence, the charge of the court in the statement of the abstract principles of law involved was not strictly correct, but in its application of the law to the facts of the case it correctly charged that the accident and death in question must have been proximately caused by defendant's culpable negligence, and the defendant admitted that the death of the deceased was caused by the accident: *Held* the charge does not contain reversible error.

APPEAL by defendant from *Stack, J.*, at March Term, 1932, of SWAIN. No error.

The defendant was indicted for manslaughter—the wilful and felonious killing of Ray DeHart in the wreck of an automobile. He was convicted and from the judgment pronounced he appealed upon assigned error.

The material parts of the evidence may briefly be stated. On Sunday, 13 September, 1931, the defendant, the deceased, Carl Wall, and Zeb Cunningham were in a "stripped-down" Chevrolet car or truck on Highway 10, Cunningham, Wall, and the defendant occupying the only seat, the deceased riding in a "crate or enclosure" behind the seat. The defendant was driving. They were going in the direction of Nantahala Station. The wreck occurred in the afternoon between three and four o'clock. The highest estimate of speed was 50 miles an hour and the lowest twenty-five. The State offered evidence that the car was going very fast and "wabbled"; that it ran "wavery across the road, first on one side and then on the other," or "zigzagging in the road going back and forth." There was evidence that the car just before the wreck was on the right shoulder of the road, that at a distance of twenty-five steps it came back on the hard surface, turned to the left into the loose dirt,

and soon afterwards turned over, injuring all the occupants. It was admitted that the death of Ray DeHart was caused by the wreck. There was evidence for the State that at Blowing Springs, two miles or more from the place of the accident, the defendant was drunk, lying on the steering wheel, that wine had been spilled in the car, and that the car had the odor of wine soon after the injury occurred. It was in evidence that the car had been driven recklessly.

The defendant testified that he was perfectly sober; that while driving at 25 or 30 miles an hour something went wrong with the car, in consequence of which it cut across the road, got off the hard surface, and began to jump up and down; that he turned the steering wheel all the way around and it did not catch; that the left wheels broke; and that the car then turned over. Sometime after the wreck the steering gear was found to be loose. Several witnesses testified in corroboration of the defendant.

The usual motions for nonsuit were made and overruled.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*Fry & Jones and Alley & Alley for defendant.*

ADAMS, J. We do not perceive any rational theory upon which the case should have been dismissed. There is evidence not only of the defendant's reckless driving but of his intoxication, and death as a result of the wreck is admitted. The law prohibits the reckless driving of any vehicle upon a highway and the operation of any vehicle upon a highway by a person who is under the influence of intoxicating liquor or narcotic drugs. N. C. Code, 1931, secs. 2621(44), 2621(45). Death caused by a violation of either of these statutes may be manslaughter. *S. v. Stansell*, 203 N. C., 69.

The defendant noted several exceptions to the admission of evidence, all of which in our opinion are without substantial merit. The court directed the jury not to consider the answer referred to in the second exception and had it stricken from the record. In *S. v. May*, 15 N. C., 328, this Court said, "If improper evidence be received, it may afterwards be pronounced incompetent, and the jury instructed not to consider it"; and this procedure has been established as a rule in the trial of civil and criminal actions. *McAllister v. McAllister*, 34 N. C., 184; *S. v. Collins*, 93 N. C., 564; *Hyatt v. McCoy*, 194 N. C., 760; *S. v. Newsome*, 195 N. C., 552; *Sentelle v. Board of Education*, 198 N. C., 389.

The defendant excepted to evidence tending to show that at Blowing Springs a short time before the accident the defendant was in the car,

lying on the steering wheel, drunk, and that a bystander who observed the situation told the occupants of the vehicle "that they were not fit to operate that little truck."

The word "drunk" is defined as, "Under the influence of intoxicating liquor or drugs to such an extent as to have lost the normal control of one's bodily and mental faculties," New Standard Dictionary, and as, "Under the influence of an intoxicant, especially an alcoholic liquor, so that the use of the faculties is materially impaired." Webster's New International Dictionary. The definition is accepted and generally understood, and the word as used by the witness imports the statement of a fact based upon observation. In no other way could the witness more definitely have stated his conception. His remark was not the narrative of a past occurrence; it was made at the moment he observed the defendant and as descriptive of his condition; obviously, it was not premeditated. The statement of a bystander or nonparticipant, if made while a thing is being done, that is, if contemporaneous and explanatory, is generally admissible in evidence. *S. v. Spivey,* 151 N. C., 676, 680. The remark, moreover, was addressed to the defendant and his companions and there is no proof of any denial. *S. v. McCourry,* 128 N. C., 594, 598. The evidence was properly admitted.

The context demonstrates the place to which Tom Grant referred when he described the sinuous course of the car just before it turned over. After saying, "I went to the place where the wreck occurred," he described marks on the highway indicating that a car had skidded— marks near the right edge of the hard surface extending more than two lengths of the car, then off on the left about thirty or forty feet, a curve to the right, and a second turn to the left. The defendant was lying there as if unconscious. There is a marked similarity between this testimony and that of the defendant, who described the movement of the car after, as he said, he had lost control of it. We therefore cannot assent to the defendant's suggestion that the testimony does not tend to identify the place where the accident occurred.

We have duly considered all the exceptions taken by the defendant to the admission and rejection of evidence and are of opinion that they should be overruled.

Turning to the charge we find that the paragraph to which the eleventh exception is directed is not strictly in accord with the law as declared in *S. v. Stansell, supra;* but the paragraph is the statement of an abstract principle. In applying the law the court restricted its concrete form to the question whether the death of DeHart had been caused by the criminal negligence of the defendant in driving the car recklessly or while he was under the influence of intoxicating liquor, and in doing so the court complied with the law as heretofore written.

The defendant's negligence, it was said, must have been criminal or culpable, more than enough to sustain a civil action. It is contended that the doctrine of proximate cause was not explained, and that to hold a person criminally responsible for homicide in a case like this his act must have been a proximate cause of the death. *S. v. Satterfield,* 198 N. C., 682. In reference to the defendant's intoxication his Honor stated as a condition precedent to conviction that the violation of the law in this respect must have caused the wreck and the death of DeHart; and in reference to reckless driving that the violation of the law must have been the direct cause of the wreck and the death. In addition to this, the record, as previously said, contains the admission that "the death of Ray DeHart was caused by the wreck of the defendant's car." The remaining assignments relate to statements of the contentions or to matters which are formal. We find

No error.