170 So. 780

### ROMBOKAS v. STATE.

#### 8 Div. 925.

Court of Appeals of Alabama.

March 17, 1936.

Rehearing Denied June 30, 1936.

T. C. Almon, of Decatur, for appellant. Brief did not reach the Reporter.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

RICE, Judge.

It is a violation of the law of Alabama for any person to "drive any vehicle," meaning and including, especially, any motor vehicle, such as an automobile, upon any highway within this state while "under the influence of intoxicating liquor." Gen.Acts Ala.1927, pp. 348, 365 (section 48), codified, but incorrectly, as section 1397 (50), Michie's Code of 1928. See, also, Code 1923, § 3324, though we will not stop to inquire whether or not one may be "under the influence of intoxicating liquor" without being intoxicated. See Standard Life & Accident Insurance Co. v. Jones, 94 Ala. 434, 10 So. 530.

 A commission of an unlawful act, resulting, proximately, in the unintentional death of another, renders the actor guilty of manslaughter in the second degree. Crisp v. State, 215 Ala. 2, 109 So. 287, as related to Crisp v. State, 21 Ala. App. 449, 109 So. 282.

And, of course, upon a trial under a count in an indictment charging manslaughter in the first degree, there may be a conviction of the offense of manslaughter in the second degree. Thompson v. State, 131 Ala. 18, 31 So. 725.

We find no error in the overruling of the demurrers to the several counts

of the indictment. Thompson v. State, supra.

 Appellant, driving his automobile, alone, from Decatur through Athens and Rogersville to Florence, picked up Mable Terry, a young girl hitchhiker, at her own request, as he was leaving Decatur. By his own statement he had or purchased, or both, whisky, along the route, which he and the girl drank rather freely. By the time he had reached Rogersville, the evidence is ample that he was "under the influence of whiskey."

A short distance beyond Rogersville, toward Florence, his car was wrecked by, as he says, his taking his hands from the steering wheel for the purpose of lighting a cigarette—the car going into a ditch and the girl grabbing the steering wheel. The car was overturned.

There was evidence from which the jury could rightfully infer that at the time of the wreck the girl was sitting, with his full permission, in appellant's lap. The girl received injuries in the wreck from which she died.

There seems little to be said. The learned trial judge gave to the jury at appellant's request a very great number of written charges. These, in connection with the comprehensive oral charge, presented fairly every phase of his defense.

The whole case boiled down to the simple issue: Did, or not, the fact (if found by the jury) of appellant's driving his car while under the influence of whisky proximately cause the death of Mable Terry? If it did, as we have shown hereinabove, he was guilty of manslaughter in the second degree.

The jury's verdict amounted to a finding that appellant was, at the time of the wreck, operating his car while under the influence of whisky, and that this fact caused, proximately, the death of Mable Terry.

In many respects it is a hard case; it abundantly appearing that appellant, so far from intending harm to Mable Terry, was striving to accommodate and please her.

But the punishment of crime, and the jury had the right to find that a crime was committed, has a dual purpose: One to inflict a penalty on the offender; the other to deter others from committing a similar crime, or any crime. In this case the punishment imposed upon appellant,

howsoever harsh it may seem under the particular circumstances, will almost surely have a deterring effect upon others inclined, as was appellant, to drive their cars along the highway after drinking measures of whisky and while holding stray girls upon their laps. Such conduct is not safe for others than such drivers who may have occasion to use said highway.

We have performed our duty as the statute requires, but we find no reversible error in any ruling or action by the trial court.

The judgment is affirmed.

Affirmed.