[Crim. No. 332. Fourth Appellate District.—August 14, 1936.]

THE PEOPLE, Respondent, v. ALFRED M. FREEMAN, Appellant.

Joseph Seymour and Robert E. Nelson for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, and Earl Redwine, District Attorney, for Respondent.

GRIFFIN, J., *pro tem.*—The defendant in this action was accused in an indictment by the grand jury of Riverside County of the crime of murder. The case was tried before the court without a jury, defendant having waived a jury trial. The trial court rendered a verdict of involuntary manslaughter. The charge grew out of a collision of appellant's car with a power pole. One of the occupants of the car, Anna Mae Helm, suffered a fractured skull and died as a result of the injury.

Appellant urges as his sole ground of appeal that the evidence does not support the verdict and judgment and is insufficient to sustain it.

The transcript is very lengthy, the greater part of it being taken up with evidence of the alleged intoxication of the appellant and with other evidence contradicting the intoxication. A finding that appellant was intoxicated immediately prior to, at the time of, and for several hours after the time of the accident is amply supported by the evidence.

On the afternoon of March 9, 1936, appellant and a woman friend, Mrs. Spezialli, an Indian, visited the home of Mr. and Mrs. John Helm in Temecula. During the afternoon the appellant made trips to Temecula and Murietta purchasing wine and groceries. The evidence shows that both Mrs. Spezialli and the appellant were intoxicated that afternoon at

the Helm home. At about five o'clock Mrs. Spezialli suggested taking the three daughters of the Helm family to a moving picture theater in Elsinore. Mrs. Helm objected but the father consented.

Appellant was driving a Buick coupe having a rumble seat. Seated next him was Pearl Helm, aged 16; on her right was Mrs. Spezialli with Anna Mae, aged 12, on her lap, and in the rumble seat was Hazel, aged 14, riding alone. As appellant drove down the highway, an open, improved and paved road, his erratic driving caused Pearl to take hold of the steering wheel and pull the car back onto the road. After this, and for some distance, appellant managed to keep the car on the highway but very shortly thereafter he again lost control of the car and it zig-zagged over the road and at a point where there was a slight curve the car left the paved portion of the highway on the right-hand side and plunged across the gutter into an alfalfa field and crashed head-on into a power pole causing the injuries from which Anna Mae died next day. All this happened in less than ten minutes after they had left the Helm home. All occupants of the car, except the driver, were seriously injured. At the time of the accident there was no traffic on that portion of the highway here concerned, no approaching or overtaking vehicles.

Appellant testified that as he was driving around the turn Mrs. Spezialli put her hand down by his pocket and ''she slapped her foot on my foot that was on the gas'' which speeded the car up a little and ''at the same time she grabbed the steering wheel and switched it out'', and that just before they arrived at the pole one of the Helm girls grabbed the steering wheel.

█ Appellant contends that the burden is upon the People to prove as an independent fact that the intoxication made him do some act forbidden by law, or to neglect some duty imposed by law, which would be the proximate cause of the accident, and cites *People* v. *Black,* 111 Cal. App. 90 [295 Pac. 87] , *People* v. *Crandall,* 100 Cal. App. 785 [281 Pac. 81], and *People* v. *Collins,* 195 Cal. 325 [233 Pac. 97]. We see no merit in appellant's contention nor do the cases cited so hold.

The mere act of driving a vehicle upon a public highway while intoxicated is an unlawful act. (Sec. 502, Vehicle

Code.) Whether it is a felony or misdemeanor depends on the facts and circumstances in the case. (Sec. 501, Vehicle Code.)

Involuntary manslaughter is the unlawful killing of a human being without malice ''in the commission of an unlawful act, not amounting to a felony; or in the commission of a lawful act which might produce death in an unlawful manner, or without due caution or circumspection.'' (Sec. 192, Pen. Code.)

In view of the above statements of law, and the facts disclosed by the record, we are of the opinion that when the appellant was driving his automobile along a public highway, under the influence of intoxicating liquor, he was committing an unlawful act. That unlawful act must of necessity be either misdemeanor or felony. If the unlawful act constituted a misdemeanor and a human being was killed during its commission, then the crime of involuntary manslaughter was committed. (*People* v. *Collins,* 195 Cal. 325 [233 Pac. 97].)

While it is true that one accused of homicide must be shown to have killed someone by an act resulting mediately or immediately in death, the test seems to be whether the act of the defendant contributed to the death. If it did, although other independent causes also contributed, the causal relation between the unlawful act of the defendant and the death is made out. (13 Cal. Jur. 588; *People* v. *Kelly,* 70 Cal. App. 519 [234 Pac. 110].) Whether there is a causal relation between a certain act and a death which has occurred, is a question of fact.

There is sufficient evidence from which the court could rightfully draw the conclusion that it was the intoxicated condition of the driver and his inability to properly drive or operate his car that resulted in the collision which caused the death of Anna Mae Helm.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.