State of Iowa, Appellant, v. Kenneth O. Kellison, Appellee.

No. 46334.

October 19, 1943.

John M. Rankin, Attorney General, Don Hise, Assistant Attorney General, and Edward L. Moran, County Attorney, for appellant.

Yeaman & Yeaman, of Sioux City, for appellee.

GARFIELD, J.—It is the State's claim that defendant committed manslaughter in causing the death of one Strom by operating an automobile while intoxicated. About 1:30 a.m. on September 26, 1941, defendant was driving an automobile west on Fourth Street in Sioux City. The car struck Strom, a man about sixty years old, a pedestrian in the street, fracturing both legs and rupturing one lung. He died as a result of his injuries eleven hours later. The accident occurred apparently in the business district where there were street lights, near the north side of Fourth Street, slightly west of the intersection of the north-and-south alley between Court and Iowa Streets.

The witness Zink was seated in a car facing north in the alley at the south side of Fourth Street, about to turn into the street. He testified, "a car hit a man and he sprawled all over the street there." The witness did not see what happened before the collision. Defendant's car did not stop. Zink and his companion followed the car driven by defendant, soon overtook it, and told defendant he had better go back to Fourth, that "you hit a man and probably killed him." Fifteen or twenty minutes later defendant returned to the scene of the accident with someone pushing his car which he claimed was out of gas. Defendant and another man riding with him were then arrested.

There is substantial evidence that defendant and his companion were badly intoxicated. The doctor who treated Strom's injuries went up later that morning and tried to talk to defendant and his companion, but "they were still drunk, they didn't know what it was all about yet." They said they did not know anything about what happened. Their minds were blank concerning the accident. Another witness testified that a few days later defendant admitted he had been drinking at various tav-

erns on the night of the accident, as the evening wore on he became intoxicated and had no recollection of what happened from then until he was told of the accident in the police station. Decedent was also intoxicated at the time he was struck.

At the close of the State's evidence, defendant moved for a directed verdict, apparently relying principally upon the failure of the evidence to show that defendant drove his car in a wanton or reckless manner. The trial court sustained the motion, assigning as its reason that the evidence did not show the car was driven recklessly and with wanton abandon, that "when you come to criminal negligence, something besides intoxication, something that is wanton, is required." From the judgment entered upon the directed verdict the State has appealed.

█ I. Upon appeals by the State in criminal cases where the trial court has held the evidence insufficient to warrant submission to a jury, this court will not ordinarily review the testimony to determine whether the court erred. Where, however, the appeal presents questions of law, the determination of which will be beneficial or a guide to trial courts in the future, we will entertain the appeal. We think it proper here to review the trial court's ruling. State v. Traas, 230 Iowa 826, 828, 298 N. W. 862, 864, and cases cited; State v. Schreck, 231 Iowa 542, 544, 1 N. W. 2d 690, 691. Of course, the judgment below is a finality with respect to the discharge of defendant. Section 14012, Code, 1939; State v. Traas, supra, and cases cited.

█ II. This court is committed to the rule that death resulting from the violation by another of a mere speed statute or other so-called rule of the road is not manslaughter unless there also appears a wanton and reckless disregard and indifference for the safety of others who might reasonably be expected to be injured thereby. State v. Graff, 228 Iowa 159, 172, 290 N. W. 97, and cases cited. We think the court erred, however, in holding that death of another caused by drunken driving, in violation of section 5022.02, Code, 1939, is not manslaughter unless wanton and reckless indifference to the safety of others also appears. To cause the death of another by the drunken driving of an automobile in violation of a criminal statute is itself manslaughter. (In this opinion we use the term "drunken driving" as the equivalent of "operating a motor vehicle while intoxicated.")

This question has never before been passed upon by us. In the Graff case, supra, the evidence. of intoxication was insufficient. This is also true of State v. Weltha, 228 Iowa 519, 292 N. W. 148, and State v. Handy, 231 Iowa 1037, 2 N. W. 2d 763. Those cases involve what is sometimes called criminal negligence rather than unintentional killing while engaged in a criminal act such as drunken driving. There is a clear distinction between the two kinds of cases. People v. Townsend, 214 Mich. 267, 183 N. W. 177, 16 A. L. R. 902; State v. Kline, 168 Minn. 263, 209 N. W. 881, 883; State v. Boag, 154 Or. 354, 59 P. 2d 396; People v. Freeman, 16 Cal. App. 2d 101, 60 P. 2d 333. Involuntary manslaughter may be committed where death results from drunken driving *or* from wanton and reckless operation of an automobile. (Many courts use the term "gross and culpable negligence.") People v. Layman, 299 Mich. 141, 299 N. W. 840; Crawford v. State, 116 Neb. 125, 216 N. W. 294, 296; State v. Dills, 204 N. C. 33, 167 S. E. 459; McGoldrick v. State, 159 Tenn. 667, 21 S. W. 2d 390; People v. Lloyd, 97 Cal. App. 664, 275 P. 1010.

As we have frequently pointed out, our statute, now section 12919, Code, 1939, does not change the common-law definition of manslaughter, which might be committed in many ways. The unintentional killing of a human being by another in the doing of an unlawful act not amounting to a felony or in the doing of a lawful act in an unlawful manner was involuntary manslaughter at common law. 26 Am. Jur. 166, section 18; 29 C. J. 1148, section 134 [40 C. J. S. 918, section 55] ; 8 Blashfield Cyclopedia of Automobile Law and Practice, Permanent Ed., 93, 94, section 5379; State v. Walker, 133 Iowa 489, 496, 110 N. W. 925. Substantially the same definition now prevails in most of the states. 26 Am. Jur. 166, section 18. This court has not regarded a mere violation of a so-called rule of the road as an unlawful or criminal act, within the law of manslaughter. As having some bearing, see State v. Brighi, 232 Iowa 1087, 7 N. W. 2d 9. As stated, we have required a showing of wanton and reckless indifference to the safety of others, in addition to such a violation, in manslaughter cases.

While there may be some uncertainty as to just what is an

unlawful act within the definition of manslaughter, we know of no case holding that death resulting from the commission by an-. other of some act which is a misdemeanor and not a mere civil wrong and malum in se and not merely malum prohibitum is not manslaughter. See 29 C. J. 1149, 1150, section 136. [40 C. J. S. 923, section 60]; State v. Warner, 157 Iowa 111, 121, 122, 137 N. W. 466. Drunken driving of an automobile on a public highway in violation of a criminal statute is not merely malum prohibitum, it is malum in se, wrong in itself, and is clearly an unlawful act within the definition of manslaughter. State v. Budge, 126 Maine 233, 137 A. 244, 53 A. L. R. 241; People v. Townsend, supra, 214 Mich. 267, 183 N. W. 177, 16 A. L. R. 902; Keller v. State, 155 Tenn. 633, 299 S. W. 803, 59 A. L. R. 685; State v. Long, 186 S. C. 439, 195 S. E. 624; State v. Boag, supra, 154 Or. 354, 59 P. 2d 396.

Courts which have passed on the question have uniformly held that to cause death by drunken driving in violation of a criminal statute is manslaughter. Among authorities to that effect, in addition to those heretofore cited, are Rombokas v. State, 27 Ala. App. 227, 170 So. 780, id. 782; People v. Kelly, 70 Cal. App. 519, 234 P. 110; Clark v. State, 35 Ga. App. 241, 132 S. E. 650; Benton v. State, 124 Neb. 485, 247 N. W. 21, 25; State v. Blaime, 5 N. J. Misc. 633, 137 A. 829, affirmed 104 N. J. Law 325, 140 A. 566; State v. Stansell, 203 N. C. 69, 164 S. E. 580; 8 Blashfield Cyclopedia of Automobile Law and Practice, Permanent Ed., 102, section 5385, and cases cited. See, also, extended annotation 99 A. L. R. 756.

Several of the cases heretofore cited hold that evidence of reckless or wanton driving is not necessary to prove manslaughter where death results from drunken driving. See, for example, Rombokas v. State, supra, 27 Ala. App. 227, 170 So. 780, id. 782; People v. Freeman, supra, 16 Cal. App. 2d 101, 60 P. 2d 333; People v. Lloyd, supra, 97 Cal. App. 664, 275 P. 1010; State v. Boag, supra, 154 Or. 354, 59 P. 2d 396; State v. Dills, supra, 204 N. C. 33, 167 S. E. 459. Several cases declare that for a drunken man to attempt to operate a car on a public highway, in violation of a statute intended to protect others, is itself the equivalent of gross and culpable or criminal negligence. People v. Townsend, supra, 214 Mich. 267, 183 N. W. 177, 16 A. L. R.

902; State v. Long, supra, 186 S. C. 439, 195 S. E. 624; 5 Berry on Automobiles, 7th Ed. 549, section 5.370, and cases cited.

■ III. It may be that decedent contributed to his death by his own drunkenness or other conduct. However, contributory negligence of deceased is no defense to the crime charged. State v. Graff, supra, 228 Iowa 159, 175, 290 N. W. 97, and cases cited; 5 Am. Jur. 930, section 796; annotation 99 A. L. R. 756, 833; 8 Blashfield Cyclopedia of Automobile Law and Practice, Permanent Ed., 99, section 5382.

■ IV. Defendant does not seek to sustain the trial court's ruling by the contention that drunken driving was not the proximate cause of Strom's death. This does not appear to have been urged in support of the motion to direct, nor was the ruling placed on that ground. We may say, however, that the jury could have found that death was caused by drunken driving.

Defendant's car struck decedent, breaking both legs, rupturing one lung, and sending him "sprawling" in the street. It was 1:30 a. m., in the business district of Sioux City, with street lights burning. No diverting circumstance or intervening cause appears from the evidence. No issue that death was due to an unavoidable accident was raised by the evidence. Defendant did not stop or attempt to render assistance. This was a circumstance indicative of guilt. State v. Biewen, 169 Iowa 256, 260, 151 N. W. 102, 104. Defendant's only explanation to the officers is that he was so intoxicated he did not remember anything that happened. We are not justified in holding as a matter of law that there was no direct causal connection between defendant's drunken driving and Strom's death. As having some bearing, see State v. Biewen, supra, and State v. Kline, supra, 168 Minn. 263, 209 N. W. 881.

■ V. While defendant's principal argument in support of the court's ruling is that the evidence does not show reckless and wanton conduct, defendant also contends that the testimony does not identify him as the driver of the car that struck Strom. It is true that neither Zink nor any other witness positively identified defendant. We think, however, the identity of defendant was a question for the jury.

The witness Zink saw the accident. He and his companion

immediately took down the number of the car that struck Strom and turned the number over to the police at the scene of the accident. Zink and his companion then pursued and overtook the car and told the occupants to return to the scene because of what had happened. The driver was tall; his companion short. In a few minutes, men of that description returned to the scene of the accident in the car bearing the number of the car involved in the accident. Both men were drunk. Defendant was then identified as the driver of the car and placed under arrest.

The judgment is reversed but the cause is not remanded.—Reversed.

All JUSTICES concur.