STATE, RESPONDENT, v. DARCHUCK, APPELLANT
No. 8494
Submitted January 5, 1945. Decided February 20, 1945.
156 Pac. (2d) 173

16

James T. Shea and C. H. Roberts both of Glasgow for the Appellant.

R. V. Bottomly, Attorney General, Fred Lay, First Assistant Attorney General of Helena, Thomas Dignan of Glasgow, and Ernest L. Walton of Wolf Point for Respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Defendant was convicted of the crime of manslaughter and sentenced to a term of eighteen months in the state penitentiary. His motion for a new trial was denied and he appeals from the judgment. The charge was based upon section 10959, Revised Codes, the material parts of which read as follows: "Manslaughter is the unlawful killing of a human being, without malice. It is of two kinds: * * * 2. Involuntary, in the commission of an unlawful act, not amounting to felony."

The prosecution was based upon the above-quoted part of section 10959. The state contended, and introduced proof, that the killing resulted from the act of defendant in driving an automobile into and against the deceased on a public highway while defendant was in an intoxicated condition or while under the influence of intoxicating liquor. Defendant has assigned numerous specifications of error but we need consider those only relating to the instructions given to the jury over defendant's objection. Before considering the propriety of the instructions complained of, it is well to note what the requirements are for a prosecution under the above-quoted part of section 10959.

Under section 1746.2, Revised Codes, as amended by Chapter 198, Laws of 1943, it is made a misdemeanor to drive a motor vehicle on or over any highway while in an intoxicated condition or under the influence of intoxicating liquor. The cases throughout the country under statutes similar to that portion of section 10959 above quoted are practically in accord as to the elements that go to make out a case for manslaughter. In nearly all cases it is held that in addition to the requirement that the defendant be doing an unlawful act there must be a showing made that the commission of the unlawful act contributes to or was the proximate cause of the death. People v. Freeman, 16 Cal. App. (2d) 101, 60 Pac. (2d) 333; People v. Townsend, 214 Mich. 267, 183 N. W. 177, 16 A. L. R. 902; State v. Kline, 168 Minn. 263, 209 N. W. 881; Jackson v. State,

18

101 Ohio St. 152, 127 N. E. 870; 26 Am. Jur., Homicide, Secs. 45 and 190; 5 Am. Jur., Automobiles, Sec. 791, p. 928; and note in 99 A. L. R. p. 772.

Some courts hold that the words "unlawful act" as used in the statute have application only to acts *malum in se* and not those merely *malum prohibitum*. State v. Kellison, Iowa, 11 N. W. (2d) 371; 26 Am. Jur., Homicide, Sec. 193; State v. Trent, 122 Or. 444, 252 Pac. 975, 259 Pac. 893; Keller v. State, 155 Tenn. 633, 299 S. W. 803, 59 A. L. R. 685.

We need not in this case determine whether we would ▇ restrict our statute to the doing of unlawful acts *malum in se*. That question must be determined when we have a case before us involving an act merely *malum prohibitum*. The unlawful act here involved is *malum in se* and clearly embraced within the statute according to all the authorities.

Defendant contends that he has not had a fair trial because ▇ of erroneous instructions given to the jury which eliminated the question of casual connection or proximate cause. One of the instructions of which defendant complains is instruction No. 16, reading as follows: "If you are satisfied to a moral certainty, and beyond a reasonable doubt, that Elmer Hjelter, a human being, came to his death by being struck by an automobile driven by the defendant Mike Darchuck, upon a public highway in Valley County, Montana, at the time charged in the amended information, and that said automobile was then and there being so driven by said defendant Mike Darchuck, while he was in either, an intoxicated condition or under the influence of intoxicating liquor, you should find the defendant guilty of involuntary manslaughter."

Defendant objected to the giving of this instruction upon the ground that it eliminated proximate cause as an element of the crime. It should be noted that this instruction, and there were others of the same general nature, entirely eliminates from the consideration of the jury the element of the proximate cause of the death. In other words, by that instruction the jury was not told that before they could find the

defendant guilty of involuntary manslaughter they must find that the unlawful act of driving while intoxicated or under the influence of intoxicating liquor contributed to or was the proximate cause of the death, of the decedent. In Jackson v. State, supra, the following instruction was given: "I charge you that if you find from the evidence in this case beyond a reasonable doubt that the defendant, Van Jackson, while operating an automobile, struck and killed the decedent, John Schademan, and you further find beyond a reasonable doubt that at the time he struck the said John Schademan, the defendant was operating the automobile in a municipality in Hamilton county, Ohio, at a rate of speed greater than 15 miles per hour, it is your duty to find the defendant guilty of manslaughter." The court condemned the instruction as eliminating the element of proximate cause, because, as the court said, it was "in no way modified by the general charge."

It is true that other instructions given to the jury in this case treat of the element of proximate cause. The court gave to the jury instruction No. 27, which takes into consideration that element. It reads as follows: "You are instructed that negligence on the part of the defendant is not to be presumed. The plaintiff, The State of Montana, is required not only to prove to your satisfaction beyond a reasonable doubt that the defendant was criminally negligent as such negligence is herein defined, but it must also prove beyond a reasonable doubt that such negligence was the proximate cause of the death of the deceased. If there is any reasonable doubt in your minds as to either of these questions you should find the defendant not guilty."

The court also defined criminal negligence as "(3) the act of driving an automobile on a public highway by a person while in an intoxicated condition or under the influence of intoxicating liquor, as defined in these instructions."

Instruction No. 27A was as follows: "Before you can find the defendant guilty, the State must prove by the evidence beyond a reasonable doubt, that the proximate cause of the

injuries resulting in the death of the deceased, Hjelter, was the negligence of the defendant, Mike Darchuck. It must also appear from the evidence beyond a reasonable doubt that the injuries resulting in the death of the deceased, Hjelter, were a natural and probable consequence of the negligence of the said defendant, Mike Darchuck. The first requisite of a proximate cause is the doing or omitting to do an act which a man of ordinary prudence could foresee might naturally and probably produce the injuries complained of, and the second requisite is that such act or omission did actually cause the injuries.''

The court also gave an instruction defining proximate cause.

We recognize the rule that in determining the effect of a given instruction, all the instructions must be read and considered as a whole. However, when we do that in this case we find that no instruction in any way tends to cut down or limit the force and effect of instruction No. 16. By that instruction and others of similar import the jury was definitely told that all that was necessary for a conviction was to find that the car driven by defendant struck the deceased and that the defendant at the time was in an intoxicated condition or under the influence of intoxicating liquor. That instruction did not in any wise advise the jury that before it could convict defendant it must find that the driving while intoxicated or under the influence of intoxicating liquors contributed to or was the proximate cause of the death of the deceased. The instructions when read as a whole were conflicting on this element of the crime and must have had a tendency to confuse the jury. Before it can be said that unobjectionable instructions cure objectionable ones, the former must either directly refer to and explain and qualify the latter or be supplementary to them and supply what was omitted. 23 C. J. S., Criminal Law, Sec. 1323, p. 941. The case of State v. Oliver, 20 Mont. 318, 50 Pac. 1018, illustrates the difficulty of curing an instruction defining a crime by a separate instruction not referring to the former. And see State v. McClellan, 23 Mont. 532, 59 Pac. 924, 75 Am. St. Rep. 558. It is our view that because of

the giving of instruction No. 16, the defendant is entitled to a new trial.

Since the case must be tried anew, other assignments of error ▮ must be noted. The court gave to the jury instruction No. 12, reading: "The court instructs the jury, as a matter of law, that where two witnesses testify directly opposite to each other on a material point, and are the only ones that testify directly to the same point, you are not bound to consider the evidence evenly balanced, or the point not proved. You may regard all the surrounding facts and circumstances proved on the trial and give credence to one witness over the other if you think such facts and circumstances warrant it."

To this the defendant objected upon the ground that it was an incorrect statement of the law. Because of the holding in the case of State v. Jones, 48 Mont. 505, 523, 139 Pac. 441, this instruction should not be given on another trial.

Defendant also complains of instruction No. 2A given over ▮ his objection, reading:

"You are hereby instructed that involuntary manslaughter, *so far as this case is concerned,* is the unlawful killing of a human being, without malice, *caused by the defendant while engaged,* in the commission of an unlawful act not amounting to a felony.

"Involuntary manslaughter is punishable by imprisonment in the State prison not exceeding ten years."

Since the case must be tried anew, we suggest that the italicized portion of the instruction be eliminated. It might have the effect of misleading the jury into believing that the court thought the death was caused by defendant as a matter of law, whereas it is in fact a question for the jury.

Defendant assigned error on the part of the court in refusing his offered instruction to bring in a verdict of not guilty. Consideration of all the evidence in the case convinces us that the court was right in refusing the offered instruction. The evidence was such as warranted submission of the case to the jury.

There are many other assignments of error, several of them having to do with alleged errors in the selection of the jury, but since it does not appear that they will arise in another trial, no useful purpose can be subserved in considering them at this time.

For the reasons hereinabove stated, the judgment must be reversed and the cause remanded for a new trial and it is so ordered.

Mr. Chief Justice Johnson and Associate Justices Morris and Cheadle, J. J., concur.

Mr. Justice Adair (dissenting):

The trial court's charge to the jury in the instant case was made up of thirty-seven instructions.

Among the instructions comprising the charge were the following:

"* * * and the State is required to prove beyond a reasonable doubt every material fact alleged in such information. If it does not do so you must acquit the defendant." (No. 1)

"If you find from the evidence in this case beyond a reasonable doubt that an automobile driven by the defendant Mike Darchuck collided with the body of Elmer Hjelter, a human being, and thus caused the death of said Elmer Hjelter, and that the defendant had then drunk sufficient intoxicating liquor so that at the time of said collision said intoxicating liquor so far affected the nervous system, brain or muscles of the defendant as to impair, to an appreciable degree, his ability to operate the automobile he was driving, in the manner that an ordinary prudent and cautious man, in the full possession of all his faculties, using reasonable care, would operate or drive a similar vehicle under like conditions, then you are instructed defendant was under the influence of intoxicating liquor." (No. 4.)

"You are hereby instructed that it is an unlawful act not amounting to a felony, for any person while in an intoxicated condition or under the influence of intoxicating liquor to drive,

operate or run an automobile, upon or over any highway or public thoroughfare within the State of Montana." (No. 2.)

"You are instructed that the proximate cause of any injury and resulting death, is that cause which in a natural and continuous sequence, unbroken by any new or independent cause, produces the injury and resulting death, without which it would not have occurred." (No. 10.)

"If you are satisfied to a moral certainty, and beyond a reasonable doubt, that Elmer Hjelter, a human being, came to his death by being struck by an automobile driven by the defendant Mike Darchuck upon a public highway in Valley County, Montana, at the time charged in the amended information, and that said automobile was then and there being so driven by said defendant Mike Darchuck, while he was in either, an intoxicated condition or under the influence of intoxicating liquor, you should find the defendant guilty of involuntary manslaughter." (No. 16.)

"You are instructed that the defendant claims that the deceased, Elmer Hjelter, met his death as the result of an unavoidable accident, and in this connection you are instructed that, if you find and believe from the evidence that the said Elmer Hjelter did come to his death as the result of an unavoidable automobile accident, then you must find the defendant not guilty, or, if you should have a reasonable doubt as to whether or not the killing of Elmer Hjelter was the result of an unavoidable automobile accident, then it will be your duty to resolve that doubt in favor of the defendant and acquit him." (No. 22.)

"You are instructed that negligence on the part of the defendant is not to be presumed. The plaintiff, The State of Montana, is required not only to prove to your satisfaction beyond a reasonable doubt that the defendant was criminally negligent as such negligence is herein defined, but it must also prove beyond a reasonable doubt that such negligence was the proximate cause of the death of the deceased. If there

is any reasonable doubt in your minds as to either of these questions you should find the defendant not guilty." (No. 27.)

"Before you can find the defendant guilty the State must prove by the evidence beyond a reasonable doubt, that the proximate cause of the injuries resulting in the death of the deceased, Hjelter, was the negligence of the defendant, Mike Darchuck. It must also appear from the evidence beyond a reasonable doubt that the injuries resulting in the death of the deceased, Hjelter, were a natural and probable consequence of the negligence of the said defendant, Mike Darchuck. The first requisite of a proximate cause is the doing or omitting to do an act which a man of ordinary prudence could foresee might naturally and probably produce the injuries complained of, and the second requisite is that such act or omission did actually cause the injuries." (No. 27A)

"You are instructed that the crime of involuntary manslaughter does not involve the accidental running into, over or upon the body of a deceased person." (No. 33.)

"You are instructed that you cannot find the defendant guilty merely because at the time and place referred to in the evidence, the deceased, Elmer Hjelter, was struck by an automobile operated and driven by the defendant, and as a result thereof the said Elmer Hjelter died. No negligence on the part of the defendant in this case may be inferred from the mere circumstances of the deceased having been struck by the defendant's automobile, and that the deceased sustained injuries thereby resulting in his death." (No. 28.)

"The defendant may not be convicted on conjecture, however shrewd, or supicious, however justified, on probabilities, however strong, but only upon evidence which establishes his guilt beyond a reasonable doubt." (No. 13.)

"You are instructed that if the evidence points equally to two conclusions, one consistent with the defendant's guilt and the other consistent with the defendant's innocence, the jury is bound to reject the one of guilt and adopt the one of innocence and acquit the defendant." (No. 30.)

"If the jury entertains a reasonable doubt of the defendant having been proved guilty as charged in the information, it will be the duty of the jury to acquit him." (No. 23.)

" * * * You should consider the instructions of the court all together and you have no right to consider any part of them to the exclusion of other portions." (No. 15.)

I fail to see how the defendant may complain of either the fairness or the fullness of the above-quoted portion of the charge.

If, instead of separating the above-quoted portion of the charge into 14 instructions, the trial court had incorporated them in one lengthy instruction, it most certainly could not properly be said that thereby "the jury was definitely told that all that was necessary for a conviction was to find that the car driven by the defendant struck the deceased and that the defendant at the time was in an intoxicated condition or under the influence of intoxicating liquor." The court's instructions numbered 27 and 27A, supra, were given at the request of defendant. They are defendant's theory of the proof required to convict. They require the state to prove beyond a reasonable doubt that defendant's negligence was the proximate cause of the death of deceased before the jury can find a verdict of guilty.

Not only was the jury required to "consider the instructions of the Court all together" (instruction No. 15), but it is elementary that this court likewise must view the instructions as a whole where error in giving should be on refusing certain of them is relied upon for a reversal of the judgment.

All applicable principles of law, definitions and qualifications cannot well be incorporated in one instruction, hence neither the jury nor this court may properly single out and consider one lone instruction to the exclusion of other instructions in the charge that explain, amplify or qualify such instruction.

When the instructions comprising the trial court's charge to the jury are read and considered as a whole, it is apparent that

the defendant's rights were fully protected and that, he could not possibly have been prejudiced by the giving of the court's instruction No. 16 for the reason that elsewhere in the charge, in other instructions contained therein, the court very fully and fairly instructed the jury that the state was required to prove beyond a reasonable doubt that defendant's unlawful act or his criminal negligence caused the injury to and death of the deceased and that without such act or negligence the death would not have occurred and that unless defendant's guilt was so established beyond a reasonable doubt that the jury should acquit him.

"It is a well-settled rule in this jurisdiction that instructions must be considered as a whole, and that, if they fairly tender the case to the jury, it is not reversible error that one or more of the instructions, standing alone, is not as full or accurate as it might have been." Koppang v. Sevier, 106 Mont. 79, 75 Pac. (2d) 790, 793.

Instruction No. 16, supra, was taken from a similarly worded instruction in People v. McKee, 80 Cal. App. 200, 251 Pac. 675, and there the appellate court held that no prejudicial error resulted from the giving of the instruction.

It should be remembered that this is a criminal prosecution for involuntary manslaughter and not merely a civil suit for damages.

"The expression 'proximate cause' is commonly used in negligence cases and it is not to be commended in criminal procedure. It is well, as a matter of practice, to keep the concepts of negligence out of criminal proceedings so as to avoid confusion." State v. Stoller, Utah 1945, 154 Pac. (2d) 649, 652.