HECHT, Justice.
After his vehicle collided with and killed a bicyclist, the defendant was convicted of homicide by vehicle, operating while intoxicated, and leaving the scene of an accident. He appealed on several grounds, and the court of appeals concluded his convictions were supported by sufficient evidence but remanded for a sentencing correction. We granted further review to determine whether the State must prove in a prosecution under Iowa Code section 707.6A(1) *367 (2007) that the defendant’s intoxication was a proximate cause of the victim’s death and, if so, whether the defendant’s trial counsel was ineffective for failing to raise the issue below. We conclude the State must prove the defendant’s intoxicated driving caused the victim’s death to sustain a conviction for homicide by vehicle. As we conclude the record is not adequate to determine whether defendant’s trial counsel was ineffective in failing to raise the causation issue, we affirm the conviction.
I. Background Pacts and Proceedings.
A reasonable fact finder could find the following facts from the testimony at trial. On the evening of December 8, 2006, Jonathan Adams attended a party at a friend’s house in Des Moines. By his own admission, he consumed between three and five beers over a five-hour period and may have drunk twice that much. At about 10:45 p.m., he and an acquaintance, Sean Erickson, left the party in Adams’ car with Adams driving. The right headlight on Adams’ car was not functioning. As they traveled westbound on Park Avenue, Adams’ car struck Tina Marie Brown, who was bicycling in the right hand lane, also heading west. Brown was propelled onto the hood of the car, and her head struck the windshield, shattering the passenger side. Her body came to rest eighty-six feet from the initial site of impact. Brown died from her injuries.
Adams and Erickson were the only witnesses to the accident. Adams testified he was looking down at his radio when the impact occurred, and therefore he did not know what he had hit. Erickson also could not tell what they had hit. He initially thought it was a trash can, and then later told Adams he thought it might have been a bicycle. Adams did not stop to investigate but instead continued driving home. The next day, after hearing news reports about a hit and run causing Brown’s death, he purchased a tarp and covered his car. After several days, he turned himself in.
In January, Adams was charged with murder by vehicle, operating while intoxicated, and leaving the scene of an accident. At trial, although he admitted drinking several beers on the night in question, he denied being intoxicated. Several witnesses who had been with Adams at the party testified specifically about whether Adams appeared to be under the influence of alcohol. Five of these witnesses testified that Adams did not appear to be under the influence of alcohol, but the sixth, who had been smoking marijuana throughout the evening, testified to the contrary. The investigating officers conceded on cross-examination that the evidence gathered from the accident scene did not tend to establish Adams was driving recklessly or at an excessive rate of speed at the time of the accident.
Adams was convicted on all three counts. He appealed, and the court of appeals concluded his -convictions were supported by sufficient evidence but remanded the case for resentencing.[1] Adams sought further review, which we granted for the determination of whether, in a prosecution for a violation of section 707.6A, the State must prove the defendant’s intoxication was a proximate cause of the victim’s death and whether Adams’ trial counsel was ineffective for failing to challenge the sufficiency of the evidence *368 establishing a causal connection between Adams’ intoxication and Brown’s death.[2]
II. Scope of Review.
Our review of the interpretation of statutes is for correction of errors at law. State v. Sluyter, 763 N.W.2d 575, 579 (Iowa 2009). We review constitutional claims, however, de novo. Collins v. State, 588 N.W.2d 399, 401 (Iowa 1998).
III. Discussion.
A. The State’s Burden to Prove Causation Under Section 707.6A(1). Iowa Code section 707.6A provides:
1. A person commits a class “B” felony when the person unintentionally causes the death of another by operating a motor vehicle while intoxicated, as prohibited by section 321J.2.[3] ...
[[Image here]]
2. A person commits a class “C” felony when the person unintentionally causes the death of another by any of the following means:
a. Driving a motor vehicle in a reckless manner with willful or wanton disregard for the safety of persons or property, in violation of section 321.277.
b. Eluding or attempting to elude a pursuing law enforcement vehicle, in violation of section 321.279, if the death of the other person directly or indirectly results from the violation.
3. A person commits a class “D” felony when the person unintentionally causes the death of another while drag racing, in violation of section 321.278.
4.A person commits a class “D” felony when the person unintentionally causes a serious injury, as defined in section 321J.1, by any of the means described in subsection 1 or 2.
Iowa Code § 707.6A.
Adams contends the word “by” in section 707.6A(1) expresses a legislative intent that a conviction may be had under the statute only upon proof that the defendant’s intoxication was the proximate cause of another’s death. Adams posits that a comparison of the language of subsection (1) with subsection (3) demonstrates an intent to treat operating while intoxicated and drag racing differently. Subsection (1) addresses the unintentional death of another “by operating a motor vehicle while intoxicated,” but subsection (3) addresses unintentionally causing the death of another “while drag racing.” Id. (emphasis added). This difference, according to Adams, demonstrates the legislature knew how to distinguish between language of causation (“by”) and language indicating a temporal relationship (“while”).
The State, however, asserts the plain language of subsection (1) demonstrates the legislature did not intend to require a causal connection between the defendant’s intoxication and the victim’s death. Rather, the State contends the causal language “by” only applies to “operating a motor vehicle.” Thus the death must be caused by the defendant’s operation of a motor vehicle, and the defendant must be operat *369 ing a motor vehicle while he is intoxicated, but the State need not prove the victim’s death was caused by the defendant’s intoxication to sustain a conviction under the interpretation favored by the State. The State further contends a comparison of the language in the different subsections does not support Adams’ interpretation because the operative word in both subsection (1) and subsection (3) is “while.”
Because we think there is more than one plausible interpretation of the statute, we must look beyond the plain language of the statute to resolve the ambiguity. See State v. Wiederien, 709 N.W.2d 538, 541 (Iowa 2006). Our goal is to “ascertain and effectuate the true legislative intent.” State v. Carpenter, 616 N.W.2d 540, 542 (Iowa 2000). We examine the language of the statute, its underlying purpose and policies, and the consequences stemming from different interpretations. Id. In doing so, we must construe the statute in its entirety. Id. “If more than one statute relating to the subject matter at issue is relevant to the inquiry, we consider all the statutes together in an effort to harmonize them.” Id.
In determining the intent of the legislature, we will not construe the language of a statute to produce an absurd or impractical result. Id. “We presume the legislature intends a reasonable result when it enacts a statute.” Id. Additionally, “ ‘we strictly construe criminal statutes’ and resolve doubts in favor of the accused.” State v. McCullah, 787 N.W.2d 90, 94 (Iowa 2010) (citation omitted).
Prior to the enactment of section 707.6A explicitly addressing homicide by vehicle, vehicular homicide cases were prosecuted under a manslaughter statute according to common law principles. See State v. Rullestad, 259 Iowa 209, 212, 143 N.W.2d 278, 280 (1966); State v. Kellison, 233 Iowa 1274, 1277, 11 N.W.2d 371, 373 (1943). Kellison and Rullestad both addressed the evidence required to establish a manslaughter conviction when the defendant was accused of unintentionally killing another person by driving while intoxicated. In Kellison, the defendant was charged with and tried for manslaughter “by operating an automobile while intoxicated” when he struck and killed a pedestrian with his car while he was “badly intoxicated.” 233 Iowa at 1275, 11 N.W.2d at 372. At the close of the State’s evidence, he moved for a directed verdict, arguing the evidence did not show he drove recklessly or with wanton abandon other than that he drove while intoxicated. Id. at 1276, 11 N.W.2d at 372. The district court granted his motion, and the State appealed. Id. Reversing the district court’s ruling, we held a conviction for “death of another caused by drunken driving” could be sustained without proof that the defendant drove recklessly. Id. at 1278, 11 N.W.2d at 373.[4]
Although Kellison did not explicitly contend the district court’s directed verdict should be upheld because the State had not proven his “drunken driving” was the cause of the victim’s death, we considered whether the evidence was sufficient to establish such a causal connection. Id. at 1279, 11 N.W.2d at 374. We determined *370 we were “not justified in holding as a matter of law that there was no direct causal connection between defendant’s drunken driving and [the victim’s] death.” Id.
Twenty years later, in Rullestad, the defendant did make the argument not explicitly raised by Kellison, and we concluded the State must “show a direct causal connection between defendant’s drunken driving and the death.” 259 Iowa at 212, 143 N.W.2d at 280. Such was the state of the law when section 707.6A was enacted in 1986 and codified in 1987. In construing statutes, we assume the legislature is familiar with the existing state of the law when it enacts new legislation. Hines v. Ill. Cent. Gulf R.R., 330 N.W.2d 284, 289 (Iowa 1983). Further, “[a] statute will not be presumed to overturn long-established legal principles, unless that intention is clearly expressed or the implication to that effect is inescapable.” Id. (citation and internal quotation marks omitted).
When section 707.6A was first codified in 1987 it provided, in relevant part:
1. A person commits a class “D” felony when the person unintentionally causes the death of another by either of the following means:
a. Operating a motor vehicle while under the influence of alcohol or a drug or a combination of such substances or while having an alcohol concentration of .10 or more, in violation of section 321J.2.
b. Driving a motor vehicle in a reckless manner with willful or wanton disregard for the safety of persons or property, in violation of section 321.277.
Iowa Code § 707.6A (1987).
The statutory framework clearly tracked the holding in Kellison — “[i]nvoluntary manslaughter may be committed where death results from drunken driving or from wanton and reckless operation of a vehicle.” 233 Iowa at 1277, 11 N.W.2d at 373. Subsection (1) provided that a person commits a class “D” felony when he unintentionally causes the death of another by either driving while intoxicated or driving recklessly. However, the statute included no clear expression of the legislature’s intent as to whether the State must prove a direct causal connection between the defendant’s intoxicated driving and the victim’s death to support a conviction. In such instances of ambiguity, we rely upon the rule of construction that presumes the legislature did not intend to overturn long-established legal principles in the absence of a clear expression of an intent to do so. Hines, 330 N.W.2d at 289.
As the legislature has amended section 707.6A over the years, it has increased the penalty for causing a death by intoxicated driving, but the language relevant to the question of causation has not been altered.[5] We find no indication in the subsequent revisions of the statute of a legislative intent to eliminate the common law requirement that the State must prove a causal connection between the defendant’s intoxicated driving and the victim’s death.
The State contends that the purpose underlying the statutes (both sections 707.6A and 321J.2) supports a conclusion that the legislature intended to deter drunk driving by imposing a severe sanction on anyone who causes a death while driving under the influence of alcohol or drugs, whether the death is caused by the driver’s intoxicated driving or not. The legislature certainly has a strong interest in deterring driving while intoxicated. *371 However, driving while intoxicated has been prohibited by statute in this state since 1937. Importantly, it was prohibited at the time Rullestad was decided which held that proof of a causal connection between the defendant’s intoxicated driving and the victim’s death was required in a manslaughter prosecution. While it may be conceivable the legislature determined the hazards to the public of drunk driving was such that it justified punishing a person for homicide by vehicle without requiring a causal connection between the intoxicated driving and the death, the legislature did not express this intent.[6]
The State also urges us to interpret the statute as providing a rebuttable presumption that the defendant’s intoxication was a cause of the victim’s death because drunk driving is such an inherently dangerous activity. This approach, the State urges, would still allow a defendant to assert a defense based on an intervening or superseding cause of the accident. While this may indeed be a reasonable construct, it was not articulated by the legislature in section 707.6A(1), and it is not the court’s role to reconfigure the statute.
We conclude it is the State’s burden under section 707.6A(1) to prove a causal connection between the defendant’s intoxicated driving and the victim’s death. Although the statute does not impose a burden on the State to prove a specific causal connection between the defendant’s intoxication and the victim’s death, it does require proof of a factual causal connection between a specific criminal act — “intoxicated driving” — and the victim’s death. Put another way, the statute demands more than mere proof that the defendant’s driving caused the death of another person. A defendant may be found guilty of homicide by vehicle only if the jury finds beyond a reasonable doubt that his criminal act of driving under the influence of alcohol caused the victim’s death.
Because the nature of the State’s burden to prove causation is of central importance to our analysis in this case, we shall briefly address this court’s relevant precedents addressing the subject. We have noted that both factual and legal, or proximate, cause may come into play in criminal cases just as in civil tort cases. State v. Marti, 290 N.W.2d 570, 584-85 (Iowa 1980). Suggesting “proximate cause” concepts were much the same in civil and criminal cases, we concluded instructions defining proximate cause in civil trials may be appropriate for use in criminal trials. Id. at 584. We continued the analogy between civil and criminal cases for purposes of the separate factual and legal aspects of causation by observing that proximate cause is established in a criminal case if the defendant’s conduct “is a ‘substantial factor’ in bringing about the harm and ... there is no other rule of law relieving the defendant of liability because of the manner in which her conduct resulted in the harm.” State v. Hubka, 480 N.W.2d 867, 869 (Iowa 1992). Recently, in a case in which a defendant asserted the act of a third party intervened and relieved him of criminal responsibility, we stated:
*372 “[I]n the context of a homicide case, [a] ‘proximate cause’ is a cause which, in a natural and continuous sequence and unbroken by any new and independent cause, produces the injury, without which the injury would not have occurred and from which a person of ordinary prudence could have reasonably foreseen that such a result, or a similar injurious result, was probable under the facts as they existed.”
State v. Dalton, 674 N.W.2d 111, 118 (Iowa 2004) (citation omitted).
However, in our most recent discussion of causation principles in a criminal case, we clarified that when “causation does surface as an issue in a criminal case, our law normally requires us to consider if the criminal act was a factual cause of the harm.” State v. Tribble, 790 N.W.2d 121, 126-27 (Iowa 2010). Except where multiple acts contribute to cause a consequence, the determination of factual causation turns simply on whether “ ‘the harm would not have occurred absent the [defendant’s] conduct.’ ” Id. at 127 (quoting Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 26, at 346 (2010)).[7]
Our review of this case leads us to conclude that this is just such a “normal” case in which “our law ... requires us to consider if the criminal act was a factual cause of the harm.” Id. at 126-27. As our decision in this ease makes clear, the causation question in a prosecution under Iowa Code section 707.6A(1) asks whether the victim’s death would have occurred in the absence of the defendant’s criminal act — intoxicated driving.
B. Ineffective Assistance of Counsel.
The State contends error has not been preserved on the issue of whether in a prosecution for homicide by vehicle under section 707.6A(1) the State must establish the defendant’s intoxicated driving was the cause of the victim’s death. Adams concedes the issue was not raised before the district court, but he argues his trial counsel was ineffective for failing to request a jury instruction on causation and properly raise the State’s proof of causation.
If the defendant has reasonable grounds to believe the record is adequate for the court to address the issue, the defendant may raise a claim of ineffective assistance of counsel on direct appeal. Iowa Code § 814.7(2) (2007). If we determine the record is adequate, we may resolve the claim. Id. § 814.7(3). If we conclude the record is insufficient for appellate review, we may preserve it for postconviction proceedings. Id. The elements of a claim of ineffective assistance of counsel are well-established. To prevail on his claim, Adams must prove by a preponderance of the evidence that “(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.” State v. Straw, 709 N.W.2d 128, 133 (Iowa 2006); see also Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. *373 2052, 2065, 80 L.Ed.2d 674, 693 (1984). To meet the first prong, “ ‘counsel’s performance is measured against the standard of a reasonably competent practitioner with the presumption that the attorney performed his duties in a competent manner.’ ” Dalton, 674 N.W.2d at 119 (citation omitted). To satisfy the prejudice prong, Adams must show “ ‘there is a reasonable probability that, but for counsel’s unprofessional errors, the results of the proceeding would have been different.’ ” Id. (citation omitted).
This court has previously held that to sustain a conviction for “manslaughter by drunken driving” it is necessary to show a direct causal connection between defendant’s drunken driving and a decedent’s death. Rullestad, 259 Iowa at 212, 143 N.W.2d at 280; see also State v. Wullner, 401 N.W.2d 214, 219 (Iowa Ct.App.1986) (“In order to sustain an involuntary manslaughter conviction based upon the public offense of drunk driving, it is necessary to show a direct causal connection between the drunk driving and the death.”). More recently, the court of appeals has concluded proof of such a causal connection is required for a conviction under section 707.6A(l)(a). See State v. Wieskamp, 490 N.W.2d 566, 567 (Iowa Ct.App.1992) (“[A] sober driver driving with reasonable care would have struck the victim.... Therefore Wieskamp’s intoxicated driving was not a substantial factor in causing the victim’s death. We dismiss the vehicular homicide charge.... ”). However, Adams’ trial counsel failed to challenge the State’s proof of a causal connection between Adams’ criminal act of intoxicated driving and Brown’s death.[8]
We conclude the record is inadequate, however, to permit us to resolve Adams’ ineffective assistance of counsel claim on direct appeal. First, we note the defense interposed by Adams’ counsel in the district court was based solely on the proposition that the State failed to prove Adams was operating a vehicle while under the influence of alcohol at the time of the crash. A defense challenging the State’s proof of a causal connection between Adams’ alleged intoxicated driving and Brown’s death was not presented at trial.[9] Trial counsel has not been permitted an opportunity to explain whether a causation defense was considered, and if it *374 was considered, whether there were plausible strategic reasons for not pursuing it.
We therefore affirm Adams’ conviction for murder by vehicle and leave his claim of ineffective assistance of counsel for possible postconviction proceedings.
IV. Conclusion.
We affirm Adams’ conviction for homicide by vehicle and affirm the court of appeals’ resolution of Adams’ claim of insufficient evidence to support his conviction for driving while intoxicated. We also affirm the court of appeals resolution of Adams’ sentencing challenge and vacate the OWI judgment, and remand to the district court for resentencing.
DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT AFFIRMED IN PART AND VACATED IN PART AND REMANDED FOR RESENTENCING.
All justices concur except WATERMAN, J., who concurs specially and MANSFIELD, J., who takes no part.

. On appeal, the parties agreed the trial court erred by entering judgment on both the homicide by vehicle and the OWI charges. Accordingly, the court of appeals vacated the OWI judgment and remanded for resentenc-ing.

. Because the causation issue relates only to Adams’ conviction for murder by vehicle, the court of appeals’ resolution of Adams’ claim of insufficient evidence to support his conviction for driving while intoxicated will stand as a final judgment in this case.

. Iowa Code section 321J.2 defines the offense of "operating while intoxicated” as "op-eratfing] a motor vehicle ... [w]hile under the influence of an alcoholic beverage or other drug,” “[w]hile having an alcohol concentration of .08 or more,” or “[w]hile any amount of a controlled substance is present in the person’s blood or urine.” Iowa Code § 321J.2U).

. Kellison was tried under Iowa Code section 12919 (1939) which provided: "Any person guilty of the crime of manslaughter shall be imprisoned in the penitentiary not exceeding eight years, and fined not exceeding one thousand dollars.” The court concluded the statute did not change the common law definition of involuntary manslaughter which included "the unintentional killing of a human being by another in the doing of an unlawful act not amounting to a felony or in the doing of a lawful act in an unlawful manner.” Kellison, 233 Iowa at 1277, 11 N.W.2d at 373.

. In State v. Comried, this court affirmed a conviction under section 707.6A(l)(c) upon evidence the defendant operated a motor vehicle while having an amount of a controlled substance in his body and caused a death. 693 N.W.2d 773, 778 (Iowa 2005). It should be noted that the issue of whether the State must, to sustain a conviction under section 707.6A(1), prove a causal connection between the defendant’s intoxicated driving and the resulting death was not raised in that case and was therefore not decided by this court. Accordingly, Comried does not stand for the proposition that a conviction under the statute may be sustained without proof of a causal connection between the defendant’s intoxicated driving and a death. Any language suggesting a contrary conclusion is dicta.

. As we understand his argument, Adams contends his trial counsel was ineffective in failing to challenge the State's proof of a causal (factual) connection between his criminal act and the victim’s death, and in failing to challenge the district court's jury instruction addressing the State’s burden of proof of factual causation. We therefore do not address today whether the "legal cause” aspect of the former proximate cause doctrine has any continuing viability in criminal cases after our decision in Thompson v. Kaczinski, 774 N.W.2d 829, 839 (Iowa 2009) (adopting the Restatement (Third) of Torts formulation of causation for civil cases and substituting the “scope of liability” inquiry for the former concepts of "proximate cause” and "legal cause”); see also State v. Hubka, 480 N.W.2d 867, 869 (Iowa 1992) (concluding the contributory negligence of a homicide victim will not constitute a legal cause allowing a defendant to escape criminal responsibility for homicide).

. Instruction number 22, the marshalling instruction for the homicide by vehicle charge against Adams, allocated to the State the burden to prove:
1. On or about the 18th day of December 2006, the Defendant operated a motor vehicle while under the influence of alcohol.
2. The Defendant’s actions unintentionally caused the death of Tina Marie Brown.
The language utilized by the district court in this instruction for the second element of the charge did not conform to the Iowa State Bar Association’s Criminal Jury Instruction number 710.1 which would expressly require proof that the defendant’s act or acts set out in element 1 (the criminal act of intoxicated driving) caused a death. As our opinion in this case makes clear, proof of a causal connection between the criminal act and the death is required in prosecutions under section 707.6A(1). Accordingly, we urge district courts to use the uniform instruction in cases of this type.

. Although we conclude we are unable on direct appeal to decide as a matter of law whether Adams’ trial counsel breached a duty in failing to raise the causation issue, we note the record does tend to prove Brown was wearing dark clothing while bicycling on a highly traveled city street late at night in December at the time of the crash. The right headlight of Adams’ car was not functioning. Under these circumstances, we think a rational fact finder could have found Adams' alleged intoxicated driving was not the factual cause of Brown’s death because a driver who had not ingested alcohol before the crash would have struck the victim under the circumstances.