# IN THE COURT OF APPEALS OF IOWA

No. 14-1476
Filed July 9, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALONZO CLAYTON MAYFIELD,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

        Alonzo Mayfield appeals following his guilty pleas to one count of third-degree burglary and three counts of second-degree theft. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, John P. Sarcone, County Attorney, and Justin Allen, Assistant County Attorney, for appellee.

        Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

Alonzo Mayfield appeals following his guilty pleas to one count of third-degree burglary and three counts of second-degree theft. We affirm the convictions and preserve his ineffectiveness claims for possible postconviction proceedings.

Alonzo Mayfield had twelve criminal charges pending at the time he entered into a May 9, 2014 plea agreement in "intensive supervision court" (ISC), also known as drug court. The drug court plea agreement stated that "[u]pon graduation from Drug Court," with successful completion, Mayfield would receive a ten-year suspended sentence, and if unsuccessful, he would receive a twenty-year prison term. On August 15, 2014, an order for the issuance of warrant was entered. On August 22, 2014, an order was entered revoking Mayfield from ISC for violation of ISC rules.

On September 4, 2014, a hearing was held in district court. The State indicated it had reached a plea agreement with Mayfield in which Mayfield agreed to plead guilty to one count of third-degree burglary and three counts of second-degree theft, and the State would recommend a twenty-year term and dismiss the remaining several pending charges. The court entered into a colloquy with Mayfield. Mayfield entered pleas of guilty to one count of burglary in the third degree and three counts of theft in the second degree. The court found the pleas were voluntarily entered, the defendant understood his rights and the consequences of his pleas, and there was a factual basis for the pleas. Mayfield requested immediate sentencing. He was sentenced to four consecutive, five-year terms consistent with the plea agreement.

On appeal,[1] Mayfield asserts his trial counsel was ineffective in allowing him to participate in drug court and in failing to require the drug court proceedings to be recorded. Mayfield also asserts we should apply a structural-error analysis. *See Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011) ("Structural errors are not merely errors in a legal proceeding, but errors 'affecting the framework within which the trial proceeds.' We have recognized structural error occurs when: (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants."). The circumstances presented do not invoke such an analysis.

Our supreme court has summarized the applicable principles to apply to a claim of ineffective assistance of counsel in stating:

> To succeed on a claim of ineffective assistance of counsel, a claimant must establish by a preponderance of the evidence: "'(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *State v. Adams*, 810 N.W.2d 365, 372 (Iowa 2012) (quoting *[State v.] Straw*, 709 N.W.2d [128,] 133 [Iowa 2006)]); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). Reversal is warranted only where a showing of both of these elements is made. *Simmons v. State Pub. Defender*, 791 N.W.2d 69, 75–76 (Iowa 2010). If we conclude a claimant has failed to meet his or her burden as it relates to either prong, we need not decide whether the claimant has satisfied his or her burden as it relates to the remaining prong. *See [State v.] Clay*,

---

[1] Relying upon *State v. Loye*, 670 N.W.2d 141, 150-51 (Iowa 2003), Mayfield contends the "plea proceedings began when Mr. Mayfield executed the confessions and the plethora of documents on May 9, 2014," and counsel should have ensured transcription of these critical stages. In *Loye*, the State conceded there was no factual basis established for the pleas, which were entered in the ISC. Here, Mayfield makes no complaint stemming from the September 4, 2014 plea proceedings.

824 N.W.2d [494,] 501 n.2 [(Iowa 2012)] ("The court always has the option to decide the claim on the prejudice prong of the *Strickland* test, without deciding whether the attorney performed deficiently.").

*State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015).

We review ineffective-assistance claims de novo, arising as they do from the Sixth Amendment to the United States Constitution. *Id.* at 636.

Ordinarily, we preserve ineffectiveness claims for postconviction relief proceedings. *Id.* at 637. If the record is inadequate to address the claim on direct appeal, we must preserve the claim for a postconviction-relief proceeding, regardless of the potential viability of the claim. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

As Mayfield points out, "It is impossible to say, at this point, what was discussed among the parties, what promises were made to Mr. Mayfield, or what threats may have been leveled against him. Having the [drug court] proceedings recorded would have remedied this situation, but counsel failed to so act." Because the record is inadequate, we preserve the ineffectiveness claims for possible postconviction proceedings. We affirm the convictions.

**AFFIRMED.**