# IN THE COURT OF APPEALS OF IOWA

No. 15-0207
Filed March 23, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**TYLOR DAVID PATRICK,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Mitchell County, Rustin T. Davenport, Judge.


　　　　Tylor Patrick appeals his conviction for vehicular homicide.  **AFFIRMED.**


　　　　Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.


　　　　Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Tylor Patrick drove a vehicle with five other occupants. He ran into a ditch, hit a field driveway, and was airborne for about forty-six feet before landing and rolling the vehicle. One of the occupants died.

The State charged Patrick with vehicular homicide and operating a motor vehicle while intoxicated, first offense. *See* Iowa Code §§ 321J.2, 707.6A (2013). The jury heard conflicting testimony from witnesses at the scene as well as testimony from a State expert on Patrick's intoxication level at the time of the accident. The jury found him guilty on both counts.

Patrick filed a motion for new trial, which the district court denied. On appeal, Patrick asserts (1) the district court abused its discretion in overruling his motion for a new trial and (2) his trial attorney was ineffective in "failing to request a jury instruction defining causation, or object to the lack thereof."

## I. New Trial Motion

Patrick argues the district court should have granted his new trial motion because "the evidence did not show that the accident was caused by defendant driving while intoxicated." Patrick failed to raise this ground in his new trial motion; the motion was premised entirely on claimed legal errors. This omission raises a possible error preservation concern. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *see also Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) ("[T]his court will consider on appeal

whether error was preserved despite the opposing party's omission in not raising this issue at trial or on appeal.").

We decline to resolve the issue on error preservation grounds for two reasons. First, the district court decided potential factual bases for the motion together with the actual legal grounds that were raised. *See State v. Tullar*, No. 13-1567, 2014 WL 6680927, at *2 n.2 (Iowa Ct. App. Nov. 26, 2014) ("[B]ecause the district court issued a ruling on the merits of the [arrest-of-judgment and new trial] motions, they are now properly before us."). Second, the argument fails on the merits. *See State v. Howse*, ___ N.W.2d ___, ___, 2016 WL 672046, at *4 (Iowa 2016) ("[W]e need not rest our resolution of this issue on the principles of error preservation insofar as we conclude that [the defendant's] argument fails on the merits." (citation omitted)).

As noted, the district court assumed Patrick's motion included an allegation that "the verdict [was] contrary to . . . [the] evidence." Iowa R. Crim. P. 2.24(2)(b)(6). The district court then stated,

> When there's a motion for a new trial, my determination is governed by whether the jury's verdict was contrary to the weight of the evidence. Weight of the evidence refers to a determination by the trier of fact that the greater amount of credible evidence supports one side of the issue than the other. Here I find the jury's verdict was not against the weight of the evidence. I would point to the facts supporting the verdict, including the defendant's blood test results, the evidence that he had been drinking, the expert testimony that I found to be credible that an intoxicated person would not have the full ability to operate a motor vehicle properly, and evidence that the defendant was swerving as he drove down the road and eventually lost control of his vehicle.

The court applied the correct standard in ruling on this portion of the motion. *See Nguyen v. State*, 707 N.W.2d 317, 327 (Iowa 2005). Our "review is

limited to a review of the exercise of discretion by the trial court, not the underlying question of whether the verdict is against the weight of the evidence." *State v. Reeves*, 670 N.W.2d 199, 203 (Iowa 2003). The court appropriately exercised its discretion.

The court found the State's intoxication expert credible. *See Nguyen*, 707 N.W.2d at 327 (noting court had the power to "weigh the evidence and consider the credibility of witnesses"). That expert testified about his analysis of a blood sample taken from Patrick. The result showed ".081 grams of alcohol per 100 milliliters of blood" five hours after the accident. After describing factors affecting a person's ability to metabolize alcohol, the expert "extrapolate[d] backward" to arrive at an "estimate" of Patrick's blood alcohol content at the time of the accident. His "estimate based on averages" was ".156." Using a lower rate of metabolism, his estimate was ".131." The legal limit in Iowa is .08. *See* Iowa Code § 321J.2(1)(b). While the expert conceded it was "[w]ithin the realm of possibility" Patrick had blood alcohol content under .08 at the time of the crash, he said it was "probably unlikely."

Patrick argues the expert did "not take into account an individual's unique rate of alcohol dissipation" or "other factors such as stomach contents and exposure to the elements." In fact, the expert was questioned about variables affecting the result, couched his answer in terms of an estimate, and provided a range of intoxication levels. We discern no abuse of discretion in the district court's acceptance of his testimony.

We also discern no abuse of discretion in the district court's acceptance of evidence pointing to Patrick's alcohol consumption and intoxication on the night

of the crash, even though the evidence was contradicted. As discussed, the district court was obligated to "weigh the evidence and consider the credibility of witnesses" in deciding the evidentiary ground for a new trial motion. *Nguyen*, 707 N.W.2d at 327. The court did just that.

We affirm the district court's denial of the motion for new trial.

## II. Jury Instruction

Patrick contends his attorney was ineffective in "failing to request a jury instruction defining causation, or object to the lack thereof." Although we generally preserve ineffective-assistance of counsel claims for postconviction relief, we find the record adequate to address this issue. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015); *State v. Ronnau*, No. 14-0787, 2016 WL 351314, at *8 (Iowa Ct. App. Jan. 27, 2016) (finding record adequate to address assertion that trial attorney provided ineffective assistance in failing to object to certain jury instructions). To succeed, Patrick must establish "a breach of an essential duty and prejudice." *Thorndike*, 860 N.W.2d at 321. On our de novo review, we are convinced he cannot establish a breach.

"[I]t is the State's burden under section 707.6A(1) to prove a causal connection between the defendant's intoxicated driving and the victim's death." *State v. Adams*, 810 N.W.2d 365, 371 (Iowa 2012). In *Adams*, the court "urge[d] district courts to use the uniform instruction" for this crime, which "would expressly require proof that the defendant's act or acts set out in" the first element—the criminal act of intoxicated driving—"caused a death." *Id.* at 373 n.8.

The district court used this uniform instruction language. Accordingly, Patrick's trial attorney did not breach an essential duty in failing to request a separate instruction or object to the instruction that was given. Patrick's ineffective-assistance-of-counsel claim cannot succeed.

**AFFIRMED.**