# IN THE COURT OF APPEALS OF IOWA

No. 15-0915
Filed May 11, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KAI ROBERT MILLER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, John D. Telleen, Judge.

Miller appeals his convictions for operating a motor vehicle while intoxicated (first offense), two counts of homicide by vehicle while intoxicated, two counts of homicide by vehicle while driving recklessly, one count of serious injury by vehicle while intoxicated, and one count of serious injury by vehicle while driving recklessly. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Kai Miller spent several hours at a Davenport bar, got behind the wheel of his car, and crashed into another car. The driver and front-seat passenger in the other car died. A third person seated in the back was seriously injured.

The State charged Miller with operating a motor vehicle while intoxicated (first offense) as well as six additional crimes: two counts of homicide by vehicle while intoxicated, two counts of homicide by vehicle while driving recklessly, one count of serious injury by vehicle while intoxicated, and one count of serious injury by vehicle while driving recklessly. A jury found him guilty as charged. The district court imposed sentence, merging some of the sentences with others.

On appeal, Miller challenges (1) the sufficiency of the evidence supporting the causation element of the six crimes and (2) his attorney's failure to request additional jury instructions on causation.

*I.      Sufficiency of the Evidence – Causation*

The marshalling instructions contained the following causation language: "Cause is established if the defendant's act or acts set out in Element 1 were a substantial factor in bringing about the death [or serious injury] of [the victim], and the death [or serious injury] of [the victim] would not have happened except for those acts." This unobjected-to language became the law of the case. *See State v. Tyler*, 873 N.W.2d 741, 752 n.8 (Iowa 2016).[1]

_____

[1] In the past several years, the Iowa Supreme Court has reformulated the causation requirement and applied a portion of the reformulated test in criminal cases. *See Tyler*, 873 N.W.2d at 747 ("In our recent decisions addressing questions of causation in criminal law, we have applied the Restatement (Third) of Torts."); *State v. Adams*, 810 N.W.2d 365, 372 (Iowa 2012) (reaffirming "scope of liability" causation test); *State v. Tribble*, 790 N.W.2d 121, 126-27 (Iowa 2010) (discussing "factual cause" of harm rather than "proximate cause"). However, the court has left open the question of whether

Miller contends the State failed to prove causation. He does not dispute he was intoxicated but argues because Andrew Adams, the driver of the car with which he collided, was also intoxicated, "[c]ausation could have been attributed to either driver or both."[2] This argument begs the question. Under the causation instruction used here, even if Adams's intoxication was a factor in the deaths and injury, Miller would not have been relieved of criminal responsibility if his intoxication was a substantial factor in those deaths and the injury. *See Tribble,* 790 N.W.2d at 127 n.2 ("Prior to our adoption of the Restatement (Third) of Torts in *Thompson*, we employed the "substantial factor" test to permit the fact finder to decide the existence of factual cause when multiple causes were present that alone would have been sufficient to be a factual cause of the harm."); *accord State v. Wissing,* 528 N.W.2d 561, 564-65 (Iowa 1995); *see also State v. Hubka,* 480 N.W.2d 867, 869 (Iowa 1992) ("[A] defendant cannot escape criminal responsibility for homicide merely because factors other than his acts contributed

---

another portion of the old proximate cause analysis still applies in criminal cases. *See Adams*, 810 N.W.2d at 372 n.7 (not deciding "whether the 'legal cause' aspect of the former proximate cause doctrine has any continuing viability in criminal cases after our decision in *Thompson v. Kaczinski*, 744 N.W.2d 829, 839 (Iowa 2009) (adopting the Restatement (Third) of Torts formulation of causation for civil cases and substituting the 'scope of liability' inquiry for the former concepts of 'proximate cause' and 'legal cause')").

[2] In *Tribble*, the court discussed multiple causes under the reformulated standard. 790 N.W.2d at 127. The court stated:

> We have traditionally labeled th[e] straightforward, factual cause requirement of causation the "but for" test. It operates to identify factual causation in each instance, but requires further assistance when multiple acts occur, each of which alone would have been a factual cause in the absence of the other act or acts. This assistance now comes in the form of a legal principle to govern the outcome. When such multiple causes are present, our law declares each act to be a factual cause of the harm. Restatement § 27, at 376.

*Id.* (citation omitted). We need not apply this analysis because the district court chose to give the traditional proximate cause/substantial factor instruction.

to the death, provided such other factors are not the sole proximate cause of death.").

Reasonable jurors could have found Miller's actions were a "substantial factor" in the deaths and serious injury based on the following facts. Miller went to a bar at 10:00 p.m. and stayed until closing, four hours later. He got into his vehicle and sped along the Brady Street thoroughfare at approximately 68.5 miles per hour in a 35-mile-per-hour zone. *See State v. Dugan*, No. 12-1251, 2013 WL 5963019, at *6 (Iowa Ct. App. Nov. 6, 2013) (finding intoxicated driving caused death where "the investigating trooper estimated that . . . the speed of the vehicle at the time it left the road was between 80 and 100 miles-per-hour—in excess of the speed limit").

Meanwhile, Adams and two of his friends went to another bar and also stayed until closing. Adams left with his friends and drove along a road perpendicular to Brady Street. As he proceeded through the Brady Street intersection, Miller's vehicle struck his car broadside. According to one witness, the impact was "insanely loud" and "sounded like a gunshot." The impact was so forceful that it caused the front passenger seat in Adams' car to be "crushed all the way on top of the driver's seat." There was no indication Miller attempted to slow down or stop as he approached the intersection. *See State v. Reed*, No. 01-1340, 2003 WL 118222, at *1 (Iowa Ct. App. Jan. 15, 2003) (finding sufficient evidence of causation where defendant was "going about twenty-five miles per hour faster than the [second vehicle]" and defendant "had several options, including going to the left lane, going onto the right shoulder, or reducing speed"

and there was "no physical evidence to show [defendant] applied the brakes prior to the collision").

Officers at the scene detected classic signs of alcohol intoxication in Miller—bloodshot and watery eyes, an odor of alcohol, and slurred speech. Toxicology results revealed a blood alcohol content of 0.165, well in excess of the 0.08 legal limit. Miller also had marijuana metabolites in his system.

It is true that Adams also had a blood alcohol content over the legal limit and marijuana metabolites in his system. However, a reasonable juror could have found that Adams' intoxication did not "break[] the chain of causal connection between the defendant's actions and" the deaths and serious injuries. *See Wissing*, 528 N.W.2d at 565. Adams stopped at the Brady Street intersection before proceeding forward and had nearly cleared the intersection when Miller's vehicle struck him. Even if Adams had seen Miller's vehicle from the corner of his eye, a juror could have surmised he could not have avoided the crash regardless of intoxication, given his position within the intersection, Miller's speed, and the lane in which Miller was driving.

Substantial evidence supports the causation element of the six crimes and the jury's findings of guilt.

## II.     Jury Instructions

Miller next contends the district court erred in failing to provide "additional instructional guidance" on causation. He does not cite the reformulated causation standard. Instead, he argues the district court should have used an instruction that incorporated the term "proximate cause," informed the jury of Adams' potential culpability, and instructed the jury on concurrent causes.

Miller failed to raise these issues in the district court. Accordingly, we examine them under an ineffective-assistance-of-counsel rubric, as he requests. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules."). To succeed, Miller must establish (1) the breach of an essential duty and (2) prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element." *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). While we generally preserve ineffective-assistance-of-counsel claims for postconviction relief, we find the record adequate to address the claim on direct appeal. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

On our de novo review, we discern no breach of an essential duty. The concept of proximate cause was covered in the causation definitions included in each marshalling instruction. *See Adams*, 810 N.W.2d at 371 ("[P]roximate cause is established in a criminal case if the defendant's conduct is a 'substantial factor' in bringing about the harm."); *Washburne v. State*, No. 03-0186, 2004 WL 893929, at *3 (Iowa Ct. App. Apr. 28, 2004) (concluding a combination of instructions "adequately addressed the concept of proximate cause"); *Reed*, 2003 WL 118222, at *4 (finding defense counsel did not breach an essential duty because "the instructions, taken as a whole, adequately explain the concept of proximate cause"). Indeed, the language the court used was drawn from a uniform jury instruction approved in *Adams*, 810 N.W.2d at 373 n.8. The approved jury instruction makes no mention of "concurrent causes." Because

counsel did not breach an essential duty in failing to raise the cited objections to the jury instructions, Miller's ineffective-assistance-of-counsel claim fails.

We affirm Miller's judgment and sentence.

**AFFIRMED.**