# IN THE COURT OF APPEALS OF IOWA

No. 15-1533
Filed October 12, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TERRY A. THOMAS,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Clayton County, John J. Bauercamper, Judge.


        Terry Thomas appeals his conviction for operating while intoxicated. **AFFIRMED.**


        Jeremy L. Thompson of Putnam, Fern, & Thompson Law Office, P.L.L.C., Decorah, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

A jury found Terry Thomas guilty of operating a motor vehicle while intoxicated. *See* Iowa Code § 321J.2(1) (2013). On appeal, Thomas contends (I) the jury's finding of guilt was not supported by substantial evidence, (II) the district court should have granted his motion to suppress, and (III) his attorney was ineffective in failing to timely disclose the witnesses he intended to call at trial.

## I. *Sufficiency of the Evidence*

The jury was instructed that the State would have to prove the following elements of operating a motor vehicle while intoxicated: "1. On or about May 25, 2014, [Thomas] operated a motor vehicle. 2. At that time, [Thomas] was under the influence of alcohol." Thomas challenges the sufficiency of the evidence supporting the "under the influence" element. The jury was instructed that a person is "under the influence" if "(1) [h]is reason or mental ability has been affected; (2) [h]is judgment is impaired; (3) [h]is emotions are visibly excited; [or] (4) [h]e has, to any extent, lost control of bodily actions or motions."

A reasonable juror could have found the following facts. A state police officer with the division of criminal investigation saw a car pass perpendicularly in front of him, with the passenger side of the vehicle closest to his vehicle. He observed the front-seat passenger drinking what he believed to be an alcoholic beverage. He followed the car and stopped the vehicle. Almost immediately, he surmised that Thomas, the driver of the vehicle, "was under the influence of alcohol." As Thomas spoke, the odor became stronger. The officer administered

field sobriety tests, which revealed signs of intoxication. According to the officer, Thomas told him he consumed four beers prior to the stop.

The officer's testimony amounted to substantial evidence in support of the "under the influence" element. Although the jury also heard Thomas' denial of alcohol consumption prior to the stop and his excuses for performing poorly on the field sobriety tests, the jury was free to discredit this testimony. *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012) ("Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury [is] free to reject certain evidence, and credit other evidence."); *State v. Hopkins*, 576 N.W.2d 374, 377 (Iowa 1998) ("[W]hen the evidence is in conflict, the fact finder may resolve those conflicts in accordance with its own views as to the credibility of the witnesses.").

## II.    *Motion to Suppress*

Thomas contends the district court "erred in overruling [his] motion to suppress" because "the only fact which [the officer] was aware of that created any suspicion of criminal activity was his belief that he saw the passenger in [his] vehicle take a drink of a Busch Light beer."

 "A traffic stop is permissible under our Iowa and Federal Constitutions when supported by probable cause or reasonable suspicion of a crime." *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015). "When a peace officer observes any type of traffic offense, the violation establishes both probable cause to stop the vehicle and reasonable suspicion to investigate." *Id.*

Iowa Code section 321.284 prohibits a "driver of a motor vehicle upon a public street or highway" from possessing "in the passenger area of the motor

vehicle an open or unsealed bottle, can, jar, or other receptacle containing an alcoholic beverage." The officer testified to seeing the front-seat passenger "consuming a Busch Light beer." He stopped the vehicle only after observing this violation. We conclude the officer had probable cause and reasonable suspicion to stop the vehicle based on this violation. Accordingly, we affirm the district court's denial of Thomas' motion to suppress.

### III. Ineffective Assistance of Counsel

Thomas listed three trial witnesses who were expected to recount "medical symptoms of Mr. Thomas that they observed of him at that time." The State objected on the ground that Thomas failed to timely file his witness list. The district court concluded Thomas had an obligation to notify the State of its discovery, the disclosure deadlines were "mandatory," and Thomas failed to comply with the deadlines. Accordingly, the court prohibited the witnesses from testifying at trial.

On appeal, Thomas contends his attorney was ineffective in "fail[ing] to have an adequate understanding" of his obligation to timely disclose information. To succeed, Thomas must show (1) the breach of an essential duty and (2) prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The State concedes defense counsel's failure to comply with the disclosure deadline was a breach of an essential duty," but argues Thomas failed to prove *Strickland* prejudice. We find the record adequate to address the prejudice element. *Cf. State v. Ary*, 877 N.W.2d 686, 705 (Iowa 2016) (finding record inadequate to determine whether counsel's failure to file a notice of intent to take depositions and seek discovery within the deadline resulted in *Strickland*

prejudice). This prong requires Thomas to show "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *See State v. Adams*, 810 N.W.2d 365, 373 (Iowa 2012).

Thomas cannot make this showing. First, the evidence he sought to introduce was already in the record through Thomas himself, who testified he was lightheaded and congested at the time of the stop. *See Taylor v. State*, 352 N.W.2d 683, 687 (Iowa 1984) ("[T]he withholding of cumulative testimony will not ordinarily satisfy the prejudice component of a claim of ineffectiveness of counsel."). Second, the evidence of intoxication was overwhelming. *See State v. Bartlett*, No. 09-0379, 2010 WL 625019, at *4 (Iowa Ct. App. Feb. 24, 2010) (Potterfield, J., specially concurring) (noting "the evidence of [the defendant's] intoxication was overwhelming). The officer who stopped Thomas smelled alcohol on his breath, recounted Thomas' admission to consuming four beers, and provided an exhaustive description of each field sobriety test he administered and the signs of intoxication they revealed. On our de novo review, we conclude there is no reasonable probability of a different outcome had counsel timely filed his witness list and called the three witnesses to the stand. Accordingly, Thomas' ineffective-assistance-of-counsel claim fails.

We affirm Thomas' judgment and sentence for operating a motor vehicle while intoxicated.

**AFFIRMED.**