**IN THE COURT OF APPEALS OF IOWA**

No. 18-1482
Filed October 9, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ALTO LEE PATRICK JOS THOMAS III,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Ian K. Thornhill,

Judge.

Alto Thomas appeals his sentence for tax stamp violation. **AFFIRMED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Greer, JJ.

**POTTERFIELD, Judge.**

Alto Thomas appeals his sentence imposed on his guilty plea to failing to affix a drug tax stamp.[1]  *See* Iowa Code § 453B.12 (2018).  Thomas argues the sentencing court abused its discretion by improperly relying on a risk assessment tool in considering the presentence investigation report (PSI)'s recommended sentence, which included an assessment of Thomas using the risk assessment tools.  Thomas further argues his trial counsel provided ineffective assistance by not objecting to the sentencing court's consideration of the recommended sentence.

"We review sentencing decisions for an abuse of discretion . . . ."  *State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018).  "We will find an abuse of discretion when 'the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable.'"  *Id.* (citation omitted).  We review claims of ineffective assistance of counsel de novo.  *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).

Consideration of an improper factor is an abuse of the sentencing court's discretion.  *State v. Lovell*, 857 N.W.2d 241, 242–43 (Iowa 2014).  But the sentencing court "has a right to rely on the information in the PSI when the defendant fails to object to the information contained in the PSI."  *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018).  Here, Thomas "failed to object to the

---

[1] Thomas entered a guilty plea for drug tax stamp violation, a class "D" felony.  Because the judgment and sentence were entered before July 1, 2019, the amended Iowa Code section 814.6(1)(a)(3) (2019) does not  preclude his appeal following his guilty plea.  *See State v. Macke*, ___ N.W.2d ___, ___, 2019 WL 4382985, at *1 (Iowa 2019) ("On our review, we hold Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019.").

risk assessment tools in the PSI and their use at sentencing." *Id.* Additionally, the Iowa Supreme Court has determined risk assessment tools are, on their face, a proper factor to consider. *See State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019); *see also id.* (noting "sentencing recommendations contained in the PSI are not binding on the court" and the sentencing court does not abuse its discretion by considering them). The sentencing court did not abuse its discretion by considering the recommendation.

Additionally, Thomas argues trial counsel was ineffective for failing to object to the district court's consideration of the recommendation. "When counsel fails to preserve error at trial, we can reach an ineffective-assistance-of-counsel claim on a direct appeal if the record is sufficient to reach it." *Gordon*, 921 N.W.2d at 24 (citing *State v. Brubaker*, 805 N.W.2d 164, 170 (Iowa 2011)). "To succeed on a claim of ineffective assistance of counsel, a claimant must establish by a preponderance of the evidence: '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015) (quoting *State v. Adams*, 810 N.W.2d 365, 372 (Iowa 2012)). To show prejudice, the claimant must show that, "but for counsel's breach, there is a reasonable probability he or she would have insisted on going to trial." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006).

On appeal, Thomas does not allege he would have insisted on going to trial but for defense counsel's alleged ineffective assistance. Furthermore, we note "[u]nder the 'reasonable probability' standard, it is abundantly clear that most claims of ineffective assistance of counsel in the context of a guilty plea will require a record more substantial than the one now before us." *State v. Straw*,

709 N.W.2d 128, 138 (Iowa 2006).  We therefore preserve Thomas's ineffective-assistance claim for postconviction-relief proceedings.  *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it.").

**AFFIRMED.**