# IN THE COURT OF APPEALS OF IOWA

No. 19-0331
Filed July 1, 2020

**JOEL SMITHERMAN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Hardin County, James A. McGlynn, Judge.

The applicant appeals the district court's dismissal of his application for postconviction relief. **AFFIRMED.**

Jessica Maffitt of Benzoni Law Office, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**SCHUMACHER, Judge.**

Joel Smitherman appeals the district court's dismissal of his fourth application for postconviction relief (PCR). Smitherman is not entitled to relief under the narrow exception set forth in *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018). Also, he has not shown he received ineffective assistance from his PCR counsel in this case. We affirm the decision of the district court.

## I.    Background Facts & Proceedings

Smitherman was convicted of first-degree murder for the death of Richard Tasler. On April 8, 2005, Smitherman was sentenced to life in prison. He appealed his conviction, claiming he received ineffective assistance from defense counsel due to a conflict of interest and there was insufficient evidence to support the verdict. *State v. Smitherman*, 733 N.W.2d 341, 343 (Iowa 2007). Smitherman's conviction was affirmed. *Id.* at 350.

Smitherman filed his first PCR application on July 5, 2007, claiming he received ineffective assistance from defense and appellate counsel. The application was denied. Smitherman's appeal was dismissed as frivolous, and procedendo was issued on July 14, 2010.

Smitherman's second PCR application was filed on December 22, 2010. He claimed the court had given an improper instruction on reasonable doubt and he received ineffective assistance because defense and appellate counsel had not previously raised this issue. The district court denied the application. Smitherman appealed but the appeal was dismissed as frivolous. Procedendo was issued on January 8, 2013.

The third PCR application was filed on October 7, 2013. Smitherman asserted the trial information was defective so the court did not have jurisdiction to convict him. The court dismissed the application, determining it was barred by the three-year time limitation in Iowa Code section 822.3 (2013). Smitherman's appeal of the district court's decision was dismissed as frivolous. Procedendo was issued on October 13, 2015.

This case involves Smitherman's fourth PCR application, which was filed on October 3, 2018. He claimed he received ineffective assistance from his first PCR counsel and was entitled to relief under *Allison*, 914 N.W.2d at 891. The State filed a motion to dismiss the application on the ground that it was barred as untimely under section 822.3 (2018). On November 30, the district court entered an order stating, "Having reviewed the State's Motion to Dismiss, the Court now indicates to the parties its intention to dismiss the application for the reasons set forth in the State's Motion to Dismiss." Smitherman was given "through and including December 14, 2018, to file a reply to the proposed dismissal." The court stated that if Smitherman failed to reply by that date, the court would enter an order dismissing the case. On January 22, 2019, the court dismissed the PCR action, noting Smitherman had never filed a reply to the proposed dismissal. The court found the PCR application was barred by the three-year statute of limitations in section 822.3.

Smitherman requested the appointment of different counsel. The court denied the request, finding that because the case had been dismissed the court-appointed counsel was relieved of his responsibilities and substitute counsel would not be appointed. Smitherman filed a pro se motion pursuant to Iowa Rule of Civil

Procedure 1.904(2). He asserted that he had not received a copy of the court's November 30, 2018 order. He blamed his most recent PCR counsel for not responding to the court's order by December 14 and asked to have his PCR action reinstated. The court denied the motion, finding Smitherman had not shown any reason why his application was not untimely. Smitherman now appeals.

## II.      Timeliness of PCR Application

Smitherman contends his PCR application is not untimely based on an exception to the limitations period found in *Allison*, which held:

> [W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the second PCR petition relates back to the timing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

914 N.W.2d at 891. "[T]he application of the relation-back doctrine ensures that the right to effective assistance of counsel in PCR is not cut off by the running of the statute of limitations." *Id.*

"Our review of the court's ruling on the State's statute-of-limitations defense is for correction of errors of law." *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). "When summary [disposition] is granted in a postconviction relief action, we examine the record to determine if a genuine issue of fact exists and whether the moving party is entitled to a judgment as a matter of law." *See Bugley v. State*, 596 N.W.2d 893, 895 (Iowa 1999).

Smitherman asserts that he is raising a claim of ineffective assistance from his first PCR counsel and states his present PCR application should relate back to

the date he filed his first PCR action, which was timely under section 822.3. He asserts that under *Allison* his present PCR application should not be barred as untimely.

The rule in *Allison* permits a second PCR application to relate back to the timing of the first application. *Kelly v. State*, No. 17-0382, 2018 WL 3650287, at *4 (Iowa Ct. App. Aug. 1, 2018). It does not apply to a third or subsequent PCR application. *See id.* ("Kelly's third application is time-barred, as it does not fall within the narrow confines of *Allison*. This is not Kelly's second application but his third."). If we were to allow an applicant's third or subsequent PCR application to relate back to the date of the first PCR application, it could enable an "endless procession of postconviction actions." *See Dible v. State*, 557 N.W.2d 881, 886 (Iowa 1996), *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003). Smitherman's fourth PCR application does not come within the tolling provision of *Allison*.

Furthermore, the tolling of the three-year statute of limitations under *Allison* applies only if the successive PCR application is filed *promptly* after the first PCR action. *Thompson v. State*, No. 19-0322, 2020 WL 2060310, at *3 (Iowa Ct. App. Apr. 29, 2020); *see also Wilder v. State*, No. 19-0157, 2020 WL 1879703, at *3 (Iowa Ct. App. Apr. 15, 2020) (finding a successive PCR action filed three years after the first PCR action was not "prompt" under *Allison*). Smitherman's current PCR application, filed thirteen years after his conviction for first-degree murder, cannot be considered "prompt." *See Thompson*, 2020 WL 2060310, at *4. On this ground as well, Smitherman does not come within the exception in *Allison*.

### III. Ineffective Assistance

Smitherman asserts he received ineffective assistance from his counsel in this PCR proceeding. He states his counsel should have filed a response to the district court's order of November 30, 2018, indicating the court intended to dismiss the action unless Smitherman filed a response by December 14. Counsel for Smitherman did not file a response. On January 22, 2019, the court dismissed the PCR action, noting Smitherman had never filed a reply to the proposed dismissal. Smitherman contends PCR counsel's inaction led to the dismissal of his case.

On claims of ineffective assistance of counsel, our review is de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). To prevail on a claim of ineffective assistance of counsel, the applicant must demonstrate by a preponderance of the evidence both breach of an essential duty and prejudice. *State v. Adams*, 810 N.W.2d 365, 372 (Iowa 2012). "However, both elements do not always need to be addressed. If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma*, 626 N.W.2d at 142. For the element of prejudice, there must be a showing of "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Adams*, 810 N.W.2d at 373.

Smitherman's claim of ineffective assistance of counsel can be addressed looking solely at the issue of prejudice. *See Ledezma*, 626 N.W.2d at 142. He cannot show that but for counsel's failure to file a response to the court's indication it intended to dismiss the case that the case would not have been dismissed. Even if a response to the court's order of November 30, 2018, had been filed, the case

would still have been dismissed. Smitherman's fourth PCR application is untimely under section 822.3. We conclude Smitherman has not shown he received ineffective assistance of counsel.

We affirm the decision of the district court.

**AFFIRMED.**